Alicia M. Richards
351 Catalina Drive
Newport Beach, CA 92663
949-813-6138
Richardsalicia007@gmail.com

FILED
CLERK, U.S. DISTRICT COURT

1/20/2021

CENTRAL DISTRICT OF CALIFORNIA
BY:        eva          DEPUTY

IFP

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA M. RICHARDS, <br><br>     Plaintiff, <br><br> vs <br><br> ORANGE COUNTY SUPERIOR COURT, ANDRE DE LA CRUZ in his Official and Individual capacity, DON BARNES in his Official and Individual Capacity as Sheriff of Orange County, California, and DOES 1 to 10, inclusive, <br><br>     Defendants. | Case No.:  8:21-cv-00122 DMG (DFM) <br><br> CIVIL RIGHTS COMPLAINT: <br><br> 42 U.S.C. § 1983: FIRST, FIFTH, AND FOURTEENTH AMENDMENTS; CALIFORNIA CONSTITUTION: ARTICLE I, §§ 7 and 13; CALIFORNIA CIVIL CODE §52.1 <br><br> [No Request for Damages – Declaratory And Injunctive Relief ONLY] <br><br> **[IMMEDIATE RELIEF SOUGHT By Jan. 29, 2021]** |

## JURISDICTION AND VENUE

1.    This is an action for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiff's rights under the First, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiff's state law claims is pursuant to 28 U.S.C. §1367.

2.    Venue is proper in the Central District in that the events and conduct complained of herein all occurred in the Central District.

1

## PRELIMINARY STATEMENT

3.     "Few liberties in America have been more zealously guarded than the rights to protect one's property in a court of law. This nation has long realized that none of our freedoms would be secure if any person could be deprived of his possessions without an opportunity to defend them, 'at a meaningful time and a meaningful manner.'" *Payne v. Superior Court,* (1976) 17 Cal. 3d 908 *("Payne"). Boddie v. Connecticut,* 401 U.S. 371 (1971) states "Prior cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard. Early in our jurisprudence, this Court voiced the doctrine that "[w]herever one is assailed in his person or his property, there he may defend," citing *Windsor v. McVeigh,* 93 U.S. 274, 277 (1876) and *Baldwin v. Hale,* 1 Wall. 223 (1864); *Hovey v. Elliott,* 167 U.S. 409 (1897) stating "The theme that 'due process of law signifies a right to be heard in one's defense," *Hovey v. Elliott, supra,* at 471. Mr. Justice Jackson wrote for the Court in *Mullane* v. *Central Hanover Tr. Co.,* 339 U.S. 306 (1950), "there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." Id., at 313. See Constitution Article 1 § 1 and§ 2, United States Constitution Fourteenth Amendment; See also *Marriage of Fingert* (1990) 221 CA3d 1575, 1579 at page 1580; *Marriage of Lopez* (197 4) 38 CA3d 114; See also *Fewel v.Fewel,* (1923) 23 C2d. 431, 434 [Re: Right to produce evidence and cross examine adverse witnesses.]; See also 2 Cal. Procedure 3rd Jurisdiction, Section 234, *et seq.* The Fourteenth Amendment to the United States Constitution prohibits a state under color of authority from depriving any person of property or their substantial rights and continued residence in their home without due process of law and equal protection of the law. This mandate has been interpreted to require, at a minimum, that "absent a countervailing state interest of overriding significance, a person forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Payne* at p. 914.

2

4.      The core of due process is a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). In *Green v. Lindsay* 456 U.S. 444 (1982), ("Green") the United States Supreme Court stated "By failing to afford adequate notice of the proceedings before issuing final orders of eviction, the State deprived them of property without due process of law required by the Fourteenth Amendment." The Supreme Court further stated that eviction is a "significant interest in property, and indeed, of the right to continued residence ..." And that the "sufficiency of the notice must be tested with reference to its ability to inform" of the pendency of proceedings that affect their interests. Pp. 450-451. 24. Under the "Rule of Law" whenever a statute imposes a legal duty, violations of the statute setting forth that legal duty is conclusive evidence of negligence per se. Moreover, when, as in this case, that duty, pursuant to Family Law Codes §§ 2030, *et seq*. and 2120 through 2129, are not performed, it violates the "long established"" doctrine expressed by the state's highest court quoting the principle from *Seymore v. Oelrich* (1909) 156 Cal. 782 [106 P. 88] [Held: Quoting from and early decision of the United States Supreme Court, it stated: "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectation upon which he acted. It involves fraud and falsehood, and the law abhors both." (See 156 Cal. at page 795).

5.      Plaintiff's constitutional rights to due process were infringed upon under color of state law by being evicted from her lawfully owned home with a void order depriving Plaintiff of equal rights under the due process clause to the Fourteenth Amendment and her federally protected Civil Rights and a significant interest in her property and continued residence in her property in direct conflict with the First, Fifth and Fourteen Amendments to the United States Constitution resulting in a "Manifest Miscarriage of Justice" and "Irreparable Harm" to Plaintiff and her children. Without an injunction, Plaintiff and her minor child will suffer immediate irreparable harm in the form of eviction.

6.      Plaintiff claims she was denied her Civil Rights to be equally represented by counsel pursuant to the mandatory State Family Law Statutes commencing with Family Law Code Sections

2030 *et seq.* and to have the torts Plaintiff claims were committed to take her fair share of the community property by fraud and deceit, to be litigated by the trial court in accordance with Family Law Code Sections 2120 through 2129, that provide for a hearing to offer evidence and testimony on these matters in a merits decision before distribution to ensure a fair share of the community estate in accordance with public policy and court precedent.

7.      Plaintiff after having exhausted her state remedies <u>without</u> a decision on the merits of her federally couched due process and equal protection of the law claims in the State's judicial system, brings her federal claims against Defendants, and each of them, and is petitioning this Court to issue a Temporary Restraining Order, Declaratory Judgment, and Injunctive Relief on whether or not, in violation of Public Policy as well as the mandatory provisions of State Law, Plaintiff was denied "Substantive Due Process" and EQUAL PROTECTION" of State Law dealing with federally protected substantial property rights and equal protection of the law and continued residence of in her home as set forth in the States' Civil Statute's Family Law Code Sections 2030, *et seq.* and Family Law Codes Sections 2120 through 2129, inclusively.

**PARTIES**

8.      Plaintiff Alicia M. Richards is a citizen of the United States and was, at all times relevant to this complaint, a resident of Orange County, California.  Plaintiff is 55 years old and has medical problems including numbness and tingling in her fingers and toes, migraine headaches and has a constant low grade temperature that may be a result of underlying issues.  Plaintiff was referred to get blood work to determine those underlying medical issues but has been unable to do so because of the Covid 19 pandemic and the Governor's stay at home order.  Plaintiff is the owner and on the deed of the property at 351 Catalina Drive, Newport Beach, California and has a legal right to possession and has legal standing as a taxpayer who pays income taxes, sales tax, and gasoline tax and has a personal interest in the outcome of this lawsuit.  Plaintiff is also a mother who has custody of her minor child age 14 and is not receiving any court ordered child support or alimony and did not have proper notice

of the eviction, time to prepare a defense with counsel, and an opportunity to be heard. Sheriff Barnes is enforcing the void writ of possession/eviction order (Exhibit A) dated December 28, 2020 issued by the Orange County Superior Court clerk pursuant to the void order made on October 23, 2020 stayed for 5 days and filed on October 30, 2020 by Andre De La Cruz (Exhibit B) made without subject matter jurisdiction enforcing the void on its face judgment while the case was removed to the District Court (Exhibit C), Plaintiff and her minor child will become homeless because Plaintiff does not have the resources to move and obtain housing elsewhere. Plaintiff fears for her and her minor child's safety and wellbeing. Defendants failed to follow state law depriving Plaintiff of due process and equal rights under the 14th Amendment.

9.    Defendant Andre De La Cruz ("Cruz") is a State of California Judicial Officer of the Orange County Superior Court and is being sued in his official and individual capacity. At all times relevant to this complaint, the conduct of Defendant Cruz has violated Plaintiff's federal constitutional rights to due process under color of state law by instructing its clerks to issue a writ of possession and eviction of Plaintiff and her child from her lawfully owned property and continued residence of her home and unlawful search and seizure of her real and personal property with void orders made without subject matter jurisdiction and due process and equal protection of the law. This lawsuit is brought for injunctive and declaratory relief because of Cruz' failure to follow state law and enforcement of a void on its face judgment procured by the fraud on the court and void writ of possession issued pursuant to a void on its face order made at a hearing on October 23, 2020 without subject matter jurisdiction and completely lacking due process and equal protection of the law.

10.    Defendant Orange County Superior Court ("OCSC") is a judicial branch of the government. Orange County Superior Court controls its employees, clerks, and judicial officers and operates the Orange County Superior Court though Andre De La Cruz and its clerks. Orange County Superior Court is a public entity and receives federal financial assistance from the federal government for purposes of funding its employees, clerks and judicial officers. Among others, Andre De La Cruz is

the judicial officer assigned in the state court who has refused to follow state law, has issued orders without subject matter jurisdiction and without due process and equal protection of the law. Defendant Cruz did not have authority from the Orange County Superior Court to direct its clerks to issue a void writ of possession and eviction of Plaintiff and her children while the case had been removed to the district court on October 23, 2020 (Exhibit C) without subject matter jurisdiction and without due process and equal projection of the law. The clerk of the Orange County Superior Court did not have authority to comply with that directive by issuing the void writ of possession on December 28, 2020. (Exhibit A).

11.     The Orange County Sheriff, Don Barnes ("Sheriff Barnes"), is an Orange County Official, and the elected head of OCSD. Sheriff Barnes currently has immediate authority over the void writ of possession and eviction of Plaintiff and her children and has received written instructions to issue a Notice to Vacate by January 31, 2021 attached hereto (Exhibit D) and has instructed his employees to implement the eviction process on Plaintiff seizing her property and removing Plaintiff from her lawfully owned real property even after the Sheriff's Office was informed that the order was void and in direct conflict with the Governor's stay at home orders (Exhibit E).  Sheriff Barnes is sued in his official capacity and individual capacity.  Sheriff Barnes did not have authority from the Orange County Superior Court to direct its employees to issue a notice to vacate and search and seizure of Plaintiff and her property pursuant to a void writ possession (Exhibit A) and void order made without subject matter jurisdiction (Exhibit B) and the Sheriff had authority to not comply with that directive because it not only conflicted with state law but it conflicted with the Governor Newsom's stay at home orders. *See* Office of Governor Gavin Newsom, *Governor Gavin Newsom Issues Stay at Home Order* (Mar. 19, 2020), https://www.gov.ca.gov/2020/03/19/governor-gavin-newsom-issues-stay-at-home-order/.

## SUMMARY OF FACTS

12. Plaintiff requested a hearing under family law code section 2030, *et seq.* to be held to ensure she was equally represented so her claims could be adjudicated and her property rights would be protected (Exhibit F). Family Law Code section 2030, *et seq.* was enacted by the Legislature to ensure equal rights under the due process clause to the Fourteenth Amendment to be enforced by Defendants, and each of them, within fifteen days and it is public policy to enforce family law code section 2030 to ensure equal rights under the Constitution.

13. Defendants failed to follow state law and hold Plaintiff's requested family law code section 2030 hearing within the mandatory 15 days prescribed time depriving Plaintiff of due process and equal protection of the law.

14. Plaintiff posits she was effectively denied the right of "Substantive Due Process" and "Equal Protection" of the mandatory provisions of the State's Family Law Statutes without a merits hearing on her claims. Plaintiffs' statutory claims were presented during the judicial process but no decision was rendered on the merits and the trial court failed to follow, *inter alia* "Public Policy" in the implementation of the mandatory provisions of Family Law Codes Sections 2030, *et seq.*, 1000(b)(2), and 2120 through 2129 depriving Plaintiff of due process and equal protection of the law.

15. Therefore, due to Defendants' negligence in failing to follow state law and hold the family law code section 2030, *et seq.* hearing and litigating Plaintiff's torts, Plaintiff was denied equal rights to protect her property to ensure a fair division of the property. This shows, pursuant to state law, that Defendants not only abused their discretion but were negligent in failing to enforce state law and hold the "Mandatory" hearing pursuant to Family Law Code § 2030 *et seq.* and public policy. (See e.g. Family Law Code § 2030(a)(1)&(a)(2); cf. *Mooney v. Superior Court* (2016) 245 CA4th 523, 529 [Family Law Code § 2030(e) regarding this Judicial Council statewide rule of court to implement Family Law Code § 2030; See also Cal. Rules of Court 5.427.

16. Plaintiff was denied her "Substantive Due Process" and "Equal Protection of the Law" rights in violation of the United States Constitution when Defendants failed to enforce state law

7

1    resulting in deprivation of Plaintiff's substantial property rights and continued residence of her property

2    without due process and equal protection of the law.

3        17.    Defendants  knowingly failed to follow state law and the mandatory provisions set forth

4    in Family Law Code § 2030, *et seq.,* Family Law Code § 1000(b)(2), and Family Law Code §§ 2120

5    through 2129. See *Vitek v. Jones* (1980) 445 U.S. 480, 488-491 [100 S. Ct. 1254] (Re: Protected

6    property interest arising from state statutes showing Plaintiff was denied substantive due process and

7    equal protection of state law statutes; cf. *Chapman v. Houston* 441 U.S. 600 (1979) page 608-609 [Re:

8    Authorization of individual suits in federal court to vindicate the deprivation, under color of state law,

9    "of any rights, privileges, or immunities secured by the Constitution of the United States."].

10

11       18.    Plaintiff posits that in accordance with state law, the court must ensure that each party

12   has access to legal representation before proceeding.  (See Family Law Code § 2030(a)(1).)  In this

13   case, Plaintiff requested a family law code sec. 2030 hearing (Exhibit F) and Defendants refused to

14   follow state law and hold the **"mandatory"** statutory hearing within the fifteen day timeframe and

15   make the required findings to ensure Plaintiff's equal rights under the federal constitution were

16   protected.

17

18       19.    Plaintiff posits that Defendants failed to enforce state law and hold the mandatory

19   hearing within fifteen days pursuant to Family Law Code § 2030, *et seq.* and this not only violated the

20   mandatory provisions set forth by Family Law statute 2030, *et seq.,* it violated the "Judicial Council's"

21   statewide rule of court to implement Family Law Code § 2030. (See Cal. Rules of Court 5.427; Note:

22   this rule mandates a strictly judicial duty that cannot be waived by Plaintiff and applies to attorney fees

23   and costs based on financial need as described in Family Law Code § 2030, Family Law Code § 2032,

24   Family Law Code § 3121, Family Law Code § 3357, and Family Law Code § 7605; See also California

25   Rules of Court 527(a).)

26

27       20.    On October 23, 2020, Plaintiff removed (Exhibit C) her case to the District Case because

28   Defendants OCSC and Cruz abused their discretion when they failed to follow state law and perform

8

the "Mandatory Statutory Duty" to enforce Family Law Code § 2030, *et seq.* according to its terms and provisions and the court's failure prejudiced Plaintiff because she was denied due process and equal protection of the law to have her rights protected and her claims adjudicated. While the case had been removed (Exhibit C) on October 23, 2020, Defendants OCSC and Cruz proceeded without submit matter jurisdiction and held a hearing without Plaintiff resulting in an unfair distribution of the community estate and eviction (Exhibit A and B) from her lawfully owned property without due process and equal protection of the law.

21.    Defendants denied Plaintiff due process and equal protection of the law by failing to perform their statutory duty under state law depriving Plaintiff of her federally protected equal rights without due process of law.

22.    Plaintiff posits Defendants violated Plaintiff's due process and equal protection of the law rights by failing to follow state law and perform the mandatory duty resulting in Plaintiff being denied "Substantive Due Process" and "Equal Protection of the Family Law Codes" commencing with Family Law Code § 2030, *et seq.*

23.    Plaintiff was further denied her statutory rights to have the tort claims litigated in the Family Law Court under Family Law Code section 2120 through 2129. Plaintiff brought the matter to the attention of Defendants who failed to enforce "State Law" and "Public Policy" depriving Plaintiff of due process and equal protection of the law depriving her of a remedy to redress her claims. *See Logan v. Zimmerman Brush Co.* 455 U.S. 422 @ p. 428-437 (1982) · 102 S. Ct. 1148 (Decided Feb 24, 1982) [Deprived of a Protected Property Interest in Violation of Due Process Clause of the Fourteenth Amendment.] Plaintiff's right to use the procedures set forth by the *Mullane* v. *Central Hanover Bank Trust Co.*, 339 U.S. 306. ["The hallmark of property is an individual entitlement grounded in state law, which cannot be removed except "for cause," and appellant's right shares this characteristic."]

24.    Plaintiff was denied equal rights under the Constitution to enforce state law because Defendants failed to perform their mandatory statutory duty under state law to hold the requested

Family Law Code § 2030, *et seq.*, within the timeframe provided by statute to ensure Plaintiff equal rights under family law code section 2030 in violation of Due Process Clause of the Fourteenth Amendment. *In re Marriage of Carlsson*, 163 Cal.App. 4th 281, 283 [Re: Plaintiff's right to a hearing pursuant to Family Law Code § 2030, *et seq.]*).

25. Plaintiff posits that under both State and Federal law, she was denied a "full, fair, and impartial" hearing allowing her to present her evidence with counsel so she could litigate the breach of contract in accordance with Family Law Code §§ 2120 through 2129, was not only judicial error, it was an abuse of Defendants' discretion that denied Plaintiff the right to:

(a) Litigate the tort claims during the Family Law Process before any distribution of the community assets and if an injunctive does not issue, Plaintiff will be deprived of an equal share of the community estate and continued residence of her home. (See *Dusenbury v. U.S.* (2002) 534 U.S. 161, 167 [122 S.Ct. 694] [Re: Plaintiffs' Fourteenth Amendment Due Process Claim on the lawful enforcement of State Law]; cf. *Zablocki v. Redhail* (1977) 434 U.S. 374, 388 [98 S.Ct. 673] [Re: Defendant's failure to follow state law when Public Policy and Fam. Law Codes §§ 2030, *et seq.*, 1000(b(2) & 2120 through 2129 "establishing a state process Defendants failed to follow destroying Plaintiff's entitlements to equal rights and a fair division of the community estate in violation of the Fourteenth Amendments Substantive Due Process guarantee"; cf. *Zinermon v. Burch* (1990) 494 U.S. 113, 125 [110 S.Ct. 975] (quoting) *Daniels v. Williams* (1985) 474 U.S. 327, 331 [Re: the 14th Amend.'s bar to arbitrary, wrongful government action]; cf. *Vitek v. Jones, supra*, 445 U.S. @ 490-491 [Re: Defendants' failure to follow statutory policy; cf. *Chapman v. Houston* 441 U.S. 600 (1979) page 608-609 [Re: Authorization of individual suits in federal court to vindicate the deprivation, under color of state law, "of any rights, privileges, or immunities secured by the Constitution of the United States."] and

(b) Litigate and receive a decision on whether Plaintiff was competent enough in Family Law to protect her and her children's interests whether need based attorney fees' should be awarded

to ensure equal rights under federal law. (See *District of Columbia v. Carter* (1973) 409 U.S. 418, 420,

426-429 [93 S. Ct. 602] [Re: federal courts control over state officials who refuse to enforce the law];

Family Law Code's § 2030 mandatory requirements. (See *Main v. Thiboutot*, 448 U.S. 1 2-6 [100 S.Ct.

2502] (1980) [Re: Federal Court remedy against "anyone" who, acting under color of state law,

deprives another of "rights, privileges, or immunities secured by the Constitution . . ."; as in the instant

case where Plaintiff claims she was denied equal rights secured by the Constitution to protect her

property that was being taken under color of authority because she had no idea how to defend her rights

because the Family Law court failed to follow state law to ensure her rights were protected and this

arbitrary government action was against "Public Policy" and Family Law Code §§ 2030, *et seq.*]; *cf*

*Brown v. Merlo* (1973) 8 C.2d 855, 861-62 [506 P.2d 212] [Re; Cal. Const. Art. 1 § 7(a)(b) and the

issue of how the Family Law Court's failure to provide equal application and due process in

implementing the Family Law Codes has denied Plaintiff substantial property interests and continued

residence in her home; and

      (c)    Have the Tort Claims that included the breach of contract fully litigated pursuant to

Family Law Codes §§ 2120 through 2129, before any distribution of property to ensure a fair

distribution. (See *In re Marriage of Buol* (1985) 39 C.3d 751, 762 [705 P.2d 354]; cf. *Robertson v.*

*Willis* (1978) 77 C.A. 3d 358, 365, 369 [143 CR 523] [Re: Statute making community property liable

for debts of either spouse contracted after marriage]; cf. *Boddie v. Connecticut* (1971) 91 S. Ct. 780,

789 [28 L.Ed. 2d 113, 122] [Held: "[A] state may not . . . preempt the right to dissolve this legal

relationship scribed for doing so"]This includes having the torts fully litigated before distribution of

any property [Emphasis added]; cf. *Monroe v. Pope* (1961) 81 S.Ct. 473, 475, 482 [365 U.S. 167] [Re:

Misuse of power by Defendants made possible only because he was "clothed with authority of state

law. . . "); and

      (d)    Have Plaintiff's claims adjudicated in a full and fair hearing on the question of whether

or not there was a breach in the Settlement Agreement, perjury, outright theft of property, and fraud on

the court by enforcing a void on its face judgment [that is without Plaintiff's signature] and beyond the court's authority to grant in violation of state law.  Further, Courts do not have discretion to enforce a judgment "not inconsistent with statute." See *Iverson v. Superior Court,* (1985)167 Cal.App.3d 544.

26.    Had Defendants followed state law, Plaintiff would not have been prejudiced by loss of property and pending eviction. (See U.S. Const. 14th Amendment and State Const. Art. 1 § 7(a)(b); cf. *Lugar v. Edmonson Oil Co.* (1982) 102 S. Ct. 2744, 2747 [73 L.Ed. 2d 482, 489] [Re: State Action]; cf. *Brooks v. Small Claims Court* (1973) 8 C.3d 661, 669 [504 P. 2d 1249] [Re: Taking of Property prior to due process hearing with right to counsel"]).

27.    The results of Defendants failure to follow state law and enforce the Family Law Statutes according to their terms and provisions placed Plaintiff in jeopardy of losing her substantial property rights and continued residence in her home, and being defrauded out of her fair share of the community property including well over $115,000 of concealed income and property which does not account for the fraud on the court, evicting plaintiff and her children out of her home without due process and equal protection of the law in violation of the 14th Amendment, the issuance of a void on its face writ of possession issued pursuant to a void order made without due process and equal protection of the law when the court was without subject matter jurisdiction because the case had been removed to the district court in violation of 28 U.S.C. 1446(d) enforcing a void on its face judgment procured by fraud on the court and because Defendants failed to follow state law and provide Plaintiff a hearing on her timely requested hearing for "Need Based Attorney Fees" prescribed by the statutory law and held within fifteen days before any further hearing that would deprive Plaintiff of her substantial property rights and continued residence of her property was a violation of due process. *Osmond v. Spence* (1972) 359 F. Supp. 124, 127 explaining that "unless the validity .. is determined before the judgment is entered an alleged [party] will be deprived of his due process rights on every occasion when an effective waiver [or judgment] has not occurred" citing Supreme Court cases in support of "notice and a hearing on the merits" *Boddie v. Connecticut,* 401 U.S.371,91 S.Ct.780, 28 L.Ed.2d 113 (1971);

12

*Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.CT. 1820, 23 L.ED.2d 349 (1969); and *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 70 S. Ct. 652, 94 L.Ed. 865.

28.    Plaintiff seeks a declaration from this Court that because Defendants have refused to follow state law Plaintiff's due process and equal protection of the law rights have been violated and continue to be violated under the due process clause to the Fourteenth Amendment to the United States Constitution and Title 42 U.S.C. 1983 gives Plaintiff a remedy for a temporary restraining order, and preliminary and permanent injunction requiring Defendants, and each of them, to refrain from enforcement of the void on its face judgment procured by fraud on the court in violation of due process and equal protection of the law and void on its face writ of possession procured without subject matter jurisdiction enforcing the void judgment made without due process and equal protection of the law and in violation of the due process clause to the 14th Amendment.

29.    Plaintiff posits that declarative and injunctive relief from this Court is both justified and proper because it is based on the proposition that discriminating enforcement of Family Law Code Sections 2030, *et seq.*, and 2120 through 2129 is conclusive evidence of negligence in a civil action in a case where the statutes were passed to ensure equal rights under federal law and enforcement of void on its face judgment and void on its face writ of possession violate state and federal laws.

30.    On information and belief, it has been public policy, custom and practice under state law to enforce family law code section 2030 to ensure equal rights under federal law to protect substantial property rights of those parties whom are forced to settle their claims in the family law court.

31.    Despite repeated requests by Plaintiff for Defendants to enforce state law, Defendants have exasperated the due process violations refusing to follow state law and proceeding to make orders without subject matter jurisdiction including issuing a writ of possession (Exhibit A) and evicting Plaintiff (Exhibit D) and her minor child without a hearing on the matter of eviction and issued orders without subject matter jurisdiction and due process and equal protection of the law resulting in the seizure of her real property and destruction of her and her children's personal property through the

enforcement of a void on its face judgment procured by the fraud on the court that was used to obtain a void on its face writ of possession obtained without due process and equal protection of the law resulting in an unlawful search and seizure of Plaintiff's real and personal property. A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacoben* 466 U.S. 109, 113. The language of the Fourth Amendment – which protects people from unreasonable searches and seizures of "their persons, houses, papers, and effects" – "This Court's cases unmistakably hold that the Amendment protects property even where privacy or liberty is not implicated. Further, the Amendment protects seizure even though no search within its meaning has taken place. *See e.g. Jacobsen, supra*, at 120-125. *See Soldal v. Cook County,* 506 U.S. 56 (1992)

32.     On January 15, 2020, Defendants submitted written instructions to the Sheriff to issue a notice to vacate and serve that on Plaintiff and her children on January 31, 2020. (Exhibit D)  The Writ of Possession (Exhibit A) was issued on December 28, 2020 issued in connection with an order denying a third party claim heard on October 23, 2020 at 1:30 p.m. without any of the adverse parties, without holding the requested and timely family law code sec. 2030 hearing, and when the case had been removed to the District Court (Exhibit C) because of the failure to enforce state law proving there was no adequate state court remedy.  The state court had no subject matter jurisdiction and made void orders in its continued violations of substantive due process and outrageous government conduct because it knew or should have known the case had been removed to the District Court on October 23, 2020 at 10:00 a.m. especially since its own court's own clerk (Amy Arnold) file stamped the notice of removal (Exhibit C) and there was no appearance by Plaintiff.  The state court proceeded anyway without subject matter jurisdiction and issued void orders and writs depriving Plaintiff of due process and equal protection of the law and Defendants are trying to enforce those void orders.

/ / /

/ / /

**FIRST CAUSE OF ACTION
VIOLATION OF FOURTEENTH AMENDMENT
SUBSTANTIVE DUE PROCESS**

33.      Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

34.      A proceeding for purpose of obtaining state authority to decide issues dealing with one's property is a proceeding for state authorization to deprive Plaintiff of her life, liberty, and property.

35.      Defendants had a mandatory duty to follow state law and hold the mandatory family law code sec. 2030 and adjudicate Plaintiff's torts pursuant to family law code sec. 2120 through 2129 to ensure Plaintiff equal rights under federal law .

36.      Defendants failed their mandatory duty to follow state law by refusing to hold the mandatory family law code sec. 2030 hearing and adjudicate Plaintiff's claims pursuant to Family Law Code Sec. 2120 through 2129 in violation of public policy depriving Plaintiff of her right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution.

**SECOND CAUSE OF ACTION
VIOLATION OF FOURTEENTH AMENDMENT
RIGHT TO EQUAL PROTECTION OF THE LAW**

37.      Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

38.      Family Law Code § 2030, *et seq.* mandates that after a request for need based attorney fees, the Court must hold the hearing within fifteen (15) days before the hearing on the request for order pursuant to public policy, however, Defendants have refused to follow state law denying Plaintiff equal rights and protection of the law despite the Judicial Council mandate as set forth in Cal. Rules of Court 5.427.

39.      Defendants failed their duty to enforce of the state family law codes violating Plaintiff's equal rights to and protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

/ / /

/ / /

Civil Rights Complaint

### THIRD CAUSE OF ACTION
### RIGHT TO DUE PROCESS OF LAW; 42 U.S.C. § 1983
### FIFTH AND FOURTEENTH AMENDMENTS; ART. I, § 7

40.    Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

41.    Defendants , its employees and agents, had a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 7 of the California Constitution to enforce state law and to ensure equal rights to protect Plaintiff substantial property rights including continued residence in her home, including her real and personal property. Defendants, and each of them, had a duty to not violate the law and not to enforce a void on their face judgment and/or orders procedure by the fraud on the court and should have taken steps to ensure those judgments and/or orders were free of fraud and deceit.

42.    Despite this well-defined duty, Defendants provided Plaintiff with no notice that her substantial property rights and continued residence in her home and her property was at risk of being seized and/or destroyed and did not act to preserve the property, even though Defendants were put on notice by Plaintiff of such notice and preservation of property was required.

43.    Plaintiff is informed and believes that the acts of the Defendants, its employees and agents, were intentional in failing to protect and preserve Plaintiff's substantial property rights and continued residence in her home including her personal and real property and that, at minimum, Defendants were deliberately indifferent to the likelihood that Plaintiff's rights would be violated without due process and equal protection of the law and her real and personal property would be seized and/or destroyed without due process by Defendants, and each of them, their employees and agents failure to enforce state law resulting in the same constitutional and statutory violations of the law.

44.    Defendants, their employees and agents have issued a void writ of possession in connection with an order (Exhibit B) made without subject matter jurisdiction while Plaintiff's case was removed (Exhibit C) to the central district court evicting Plaintiff out of her lawfully owned

property without due process and equal protection of the law enforcing the void on its face judgment procured by the fraud on the court and are attempting to seize Plaintiff's real property and to destroy her personal property without due process, lawful justification, or just compensation. In *Green v. Lindsay* 456 U.S. 444 (1982), *("Green")* the United States Supreme Court stated "By failing to afford adequate notice of the proceedings before issuing final orders of eviction, the State deprived them of property without due process of law required by the Fourteenth Amendment." This Court went on to state that eviction is a "significant interest in property, and indeed, of the right to continued residence... "And that the "sufficiency of the notice must be tested with reference to its ability to inform" of the pendency of proceedings that affect their interests. Pp. 450-451.

45.     As a direct and proximate consequence of the acts of Defendants', their employees and agents, Plaintiff will suffer irreparable harm by eviction out of her lawfully owned property and the loss of her real and personal property without due process and equal protection of the law if an injunction does not issue to protect the status quo to stop the void writ of possession/eviction before all the claims can be adjudicated including the void on its face judgment to defraud Plaintiff out of her property without due process and equal protection of the law.

## FOURTH CAUSE OF ACTION
### Violation of Civil Rights: 42 U.S.C. § 1983, Fourteenth Amendment
### State Created Danger

46.     Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth hereat.

47.     By evicting Plaintiff and her children without due process and equal protection of the law, unlawful search and seizure of her real and personal property, the acts of Defendants, their employees and agents, have created a danger for Plaintiff and her minor child by exposing them to the elements in the winter without adequate shelter and forcing them onto the streets to become homeless in violation of public policy and the family law statutes at the same time enforcing the void on its face

judgment procured by fraud on the court by the other party who refuses to pay court ordered child

support and spousal support.

48.    As a direct and proximate consequence of the acts of Defendants' agents and employees,

Plaintiff has suffered and continues to suffer actual and potential injury to her health and safety and the

injuries are immediate resulting in substantial irreparable harm to the loss of her substantial property

rights and continued residence without due process and equal protection of the law.

### FIFTH CAUSE OF ACTION
#### Violation of Civil Rights: Interference By Threat, Intimidation or Coercion
#### California Civil Code § 52.1

49.    Plaintiff realleges and incorporate the allegations set forth in the preceding paragraphs as

though fully set forth hereat.

50.    Defendants' agents and employees have used threats of arrest, eviction, and intimidation

to interfere with Plaintiff's rights to her substantial property interests, continued residence in her home

and maintaining the status quo in the exercise of Plaintiff's rights secured by the Constitution of the

United States, the Constitution of the State of California, and the statutory laws of the State of

California.

51.    Plaintiff is entitled to an injunction pursuant to California Civil Code §52.1.

### INJUNCTIVE RELIEF

52.    Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs

as though fully set forth hereat.

53.    A real and immediate difference exists between Plaintiff and Defendants regarding

Plaintiff's federally protected rights and Defendants' duty owed to Plaintiff to enforce state law to

ensure Plaintiff's substantial property interests and continued residence in her home were protected as

well as her personal and real property rights and have her claims litigated before any distribution of the

community estate to ensure a fair division of the property.  Instead Defendants and each of them, under

color of authority have enforced an unlawful eviction made pursuant to an order without subject matter

jurisdiction pursuant to a void judgment procured by the fraud on the court by the other party forcing Plaintiff and her minor onto the streets and Skid Row without due process and equal protection of the law in violation of public policy.

54.     Defendants' policies and actions have resulted in irreparable injury to Plaintiff and her children. There is no plain, adequate or complete remedy at law to address the wrongs described herein because Defendants refuse to enforce state law. Defendants have made it clear by their repeated escalation of the enforcement of the void orders of eviction made without subject matter jurisdiction and without due process and equal protection of the law, the continued enforcement of the void on its face judgment procedure by the fraud on the court, continued practices of failing to enforce state law and hold Plaintiff's family law code 2030 hearing to ensure equal rights under the federal constitution. Defendants have also made it clear that they intend to continue the practices described above that make it impossible for Plaintiff to seek redress and have her claims heard before deprivation and before her real property is disposed of and her personal property destroyed after the unlawful seizure and eviction with a void on its face order made without subject matter jurisdiction.  Unless restrained by this Court by certified order issued to the Orange County Sheriff's Office, Newport Sheriff's Department Offices located at: 4601 Jamboree Road, Room 108, Newport Beach, Ca. 92660;CivilStatHarbor@ocsd.org , (714)569-3700; Defendants, its agents, employees, and officers, will continue to implement these unlawful policies and practices and enforcement of the void writ of possession made without subject matter jurisdiction enforcing the void on its face judgment procured by the fraud on the court.

A.     **Plaintiff will Likely Succeed on The Merits of her Due Process Claims**

55.     Plaintiff will likely succeed on her due process claim because she can prove that Defendants, and each of them, failed to enforce state law depriving Plaintiff of equal rights under the Due Process Clause to the 14th Amendment when Defendants failed to hold Plaintiff's timely and repeatedly requested family law code sec. 2030 hearing depriving Plaintiff of equal rights, Defendants have violated Plaintiff's due process and equal protection of the law rights by enforcement of a void on

its face judgment [that is without Plaintiff's signature] and after she had filed an answer to the complaint and beyond the court's ability to grant, void on its face writ of possession pursuant to an order made without subject matter jurisdiction while the case had been removed to the district court and failed to satisfy the due process for the same reasons the void on its face judgment and the eviction order was made without notice, a hearing and an opportunity to be heard.  Defendants' failure to afford Plaintiff proper notice and an opportunity to be heard constitutes a structural error.   Such errors affect "the framework" . . .thus affecting the entire proceedings. *Arizona  v. Fulminante* (1991) 499 U.S. 279, 309-310, 111 S. Ct. 1246, 113 L.Ed. 2d 302. *See also Lamps Plus, Inc. v. Varela* (2019)--- U.S.--- 139 S.CT. 1407 1417-1419 [Structural errors occur when a party's right to due process has been violated by denying them a fair hearing.] *See Lamps Plus, Inc. v. Varella*, supra, ---U.S. --- 139 S.Ct. 1407 1417-1419.  Defendants have failed to comply with due process and have deprived Plaintiff of equal rights under the due process clause to the 14th amendment, are proceeding to seize her property and evict her and her minor out of her lawfully owned property onto the streets with a void order.  Plaintiff has exhausted her state remedies without a merits decision on her due process and equal protection of the law claims and therefore has a right to have her claims heard in this court because the state court refuses to enforce state law, has conducted hearings without subject matter jurisdiction, and without due process and equal protection of the law violating Plaintiff's civil rights. *See also Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (requiring —notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.). A proper due process notice also informs the individual of their right to an impartial pre-termination hearing and how to exercise that right. —The purpose of the notice under the Due Process Clause is [also] to apprise the affected individual of, and permit adequate preparation for, an impending hearing. *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978); *see Mallette v. Arlington Co. Employees' Supplemental Ret. Sys.*, 91 F.3d 630, 640-41 (4th Cir. 1996) (quoting *Memphis Light* and finding notice was not —reasonably calculated to afford

claimant a meaningful opportunity to present her side of the story). *See also Goldberg*, 397 U.S. at 267-68 (requiring —timely notice —detailing the reasons for a proposed action). —A system or procedure that deprives persons of their claims in a random manner…necessarily presents an unjustifiably high risk that meritorious claims will be terminated. *Logan v. Zimmerman Brush*, 455 U.S. 422, 434-35 (1982).

### B. Plaintiff is Threatened by Irreparable Harm

56.     Plaintiff and her minor child will suffer irreparable harm in the absence of preliminary relief, that the balance of equities favors the issuance and the injunction is in the public interest. The harm that Plaintiff and her children complain is the threat of eviction that is imminent and will be irreparable harm. *Friendship Materials, Inc. v. Michigan Brick*, 679 F.2d 100 (6th Cir. 1982) The harm is both certain and immediate because the Orange County Sheriff has stated they will not stop the eviction unless provided with a certified ordered stay. (Exhibit E) Courts have determined that evictions constitute irreparable harm because "a piece of real property is unique" and that the possibility of homelessness from evictions is also an irreparable harm. *See Sayo, Inc. v. Zions First Nat. Bank, No.* 06-CV-14963 DT, 2006 WL 3240706, at *2 (E.D. Mich. Nov. 7, 2006). The Void Writ of Possession and Eviction Instructions (Exhibit D) to the Sheriff is proof that an eviction is imminent. *Farrell v. U.S. Bank Nat. Ass'n.* No 14-CV-11781, 2014 WL 2480055, at *2 (E.D. Mich. June 3, 2014) ["An eviction notice or court order of eviction may also show that an eviction is imminent."] Plaintiff claims that, without an injunction, she will suffer immediate irreparable harm in the form of eviction. Courts in this district have ruled that eviction is an irreparable harm. *See Galper v. U.S. Shoe Corp.*, 815 F. Supp. 1037, 1044 (E.D. Mich. 1993), *Sayo*, No. 06-CV-14963 DT, 2006 WL 3240706, at *2, and *Dewald v. Christiana Tr.*, No. 14-CV-13680, 2014 WL 4829548, at *2 (E.D. Mich. Sept. 29, 2014)

57.     Plaintiff is not receiving any court ordered child support or alimony and she and her minor child would be forced to become homeless because she would not be able to find adequate

housing elsewhere.  Plaintiff does not make enough money on her own to support herself and her minor child.  Sheriff Barnes stated that it would proceed over the Governors' stay home order.  (Exhibit E)

58.     It has been proven that for people over the age of fifty or with medical conditions or disabilities that increase the risk of serious COVID-19 infection, shortness of breath can be severe. Most people in higher risk categories who develop serious illness will need advanced support. This requires highly specialized equipment like ventilators that are in limited supply, and an entire team of care providers, including nurses, respiratory therapists and intensive care physicians. The novel coronavirus that causes COVID-19 has led to a global pandemic. Betsy McKay et al., *Coronavirus Declared Pandemic by World Health Organization*, WALL ST. J. (Mar. 11, 2020, 11:59 PM), https://cutt.ly/UtEuSLC.   As of April 28, 2020, there were more than 2,954,222 reported COVID-19 cases throughout the world [World Health Organization, *Coronavirus disease 2019 (COVID-19) Situation Report – 99*, https://www.who.int/docs/default-source/coronaviruse/situation-reports/20200428-sitrep-99-covid-19.pdf?sfvrsn=119fc381_2. ] and more than 55,000 deaths in the United States. [As of April 28, over 981,000 people in the United States have contracted COVID-19 and more than 55,000 people have died. Centers for Disease Control and Prevention, *Cases in the U.S.*, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html. *See also* Michael Rothfeld et al., *The Heartbreaking Last Texts of a Hospital Worker on the Front Lines*, NY Times (Apr. 15, 2020) (describing the final texts from a hospital worker who died after contracting coronavirus to her daughter, "Love you[.] Mom be back[.]").

59.     The preliminary injunction will cause no harm to Defendants because the orders are void lacking due process and equal protection of the law.  And when Plaintiff is given due process and equal protection she will prove why there should be no eviction not just for the simple reason that she is the owner of the property and on the deed filed with the County Recorders' office in the County of Orange but also because sanctions for the tort claims, and the nonpayment of support would offset any interest

Ryal W. Richards, real party in interest had in the property and there can be no prejudice if you have no interest. Had Defendants' enforced state law, there would be no eviction of Plaintiff.

    **C.**    **It is in the Public Interest to Issue an Injunction.**

    60.    Family Law Code Sec. 2030 and Family Law Code Sec. 2120 through 2129 were created by the Legislature to ensure equal rights under the Constitution. *MercExchange, L.L.C. v. eBay, Inc.*, 401 F.3d 1323 (Fed. Cir. 2005) "The court . . . indicated that injunctions should be denied only in the "unusual" case, under "exceptional circumstances" and "in rare instances. . . .to protect the public interest."" Id at 1338-1339. See also *Roche Products, Inc. v. Polar Pharmaceutical Co.*, 733 F. 2d 858, 865 (CA Fed. 1984) (recognizing the "considerable discretion" district court's have "in determining whether the facts of a situation require it to issue an injunction". It would be against the public interest to deny an injunction because it is a public interest to protect the public from unlawful searches and seizure.

    61.    Defendants' acts alleged above violate established constitutional rights of Plaintiff and defendants could not reasonably have thought that the conduct of their agents and employees in evicting, seizing and destroying Plaintiff's property was lawful because it was made without subject matter jurisdiction enforcing a void on its face judgment made without due process and equal protection of the law in violation of the 14th Amendment to the Constitution.

    62.    An actual controversy exists between Plaintiff and Defendants in that Defendants, their agents and employees, have engaged in the unlawful and unconstitutional acts alleged herein and intend to continue to do so. Plaintiff claims that these acts are contrary to law and seek a declaration of her rights with regard to this controversy.

    63.    As a direct and proximate consequence of the acts of Defendants' agents and employees, Plaintiff has suffered and will continue to suffer injury to her person and the loss of her substantial property rights and continued residence of her property, the loss of her real and personal property, including all of their clothing, bedding, medication, personal papers and other personal possessions,

stripping her of the essentials needed for their well-being and personal dignity and putting her at serious and immediate risk of illness into homelessness. See *White v. Davis* (2003) 30 Cal.4[th] at p. 554 [irreparable harm means "a factual showing that the wrongful act constitutes an actual or threatened injury to property or personal rights which cannot be compensated by ordinary by an ordinary damage award." *Brownfiled v. Daniel Freeman Marina Hosp.* (1989) 208 Cal. App. 3d 405, 410.

64.    The public has an interest in seeing its laws are faithfully executed. *Newton v. Rumery*, 480 U.S. 386 @ p. 400 (1987). In this case, Plaintiff was denied her Civil Rights to be equally represented by counsel pursuant to the mandatory State Family Law Statutes commencing with Family Law Code Sections 2030 *et seq.* and to have the torts Plaintiff claims were committed by Ryal W. Richards, to take her fair share of the community property by fraud and deceit, to be litigated by the trial court in accordance with Family Law Code Sections 2120 through 2129, that provide for a hearing to offer evidence and testimony on these matters in a merits decision before distribution to ensure a fair distribution of the community estate in accordance with public policy and court precedent.

65.    Further, it is also in the public interest in "preservation of the integrity of the judicial process," *citing Hazel-Atlas, supra*, 422 U.S. at 246, 64 S. Ct. at 1000. Plaintiff has established that the default judgment entered by the court was beyond what the court could grant, was fraud on the court, unsigned by Plaintiff, and never submitted to Plaintiff to review denying Plaintiff due process and equal protection of the law because she was denied a fair trial when the court entered a default on a stipulated judgment based on the fraudulent declaration of Ryal W. Richards' attorney.   And the eviction order was also fraud on the court because the clerk knew the case had been removed to the district court but the court proceeded anyway without disclosing the fact to the court that it was without submit matter jurisdiction and depriving Plaintiff of due process and equal protection of the law. *See Derzack v. County of Allegheny, Pennsylvania*, 173 F.R.D. 400 @ p. 416 (W.D. Pa. 1996) states "Impact on Judicial System – at least of equal, if not greater, importance in the fraud on the court context is the public interest in preserving the integrity of the judicial system. *Perna v. Electronic Data Systems*,

24

*Corp.*, 916 F. Supp. 388 at 397 (D.N.J. 1995) citing *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115 at 1119-20 (1st Cir. 1989). "[U]nscrupulous marauders, . . . place at risk the very fundament of the judicial system [which] involves far more than injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. . ." *Perna*, 916 F. Supp. At 397, quoting *Hazel-Atlas*, 322 U.S. at 246, 64 S. CT. at 1001. The public interest favors the granting of the injunction and favors Plaintiff who is suffering the threat of eviction, loss of her substantial property interests and continued residence in her home in the absence of such relief. Further, where an injunction seeks to require defendants to comply with existing law as in this case, the injunction imposes no burden but – merely seeks to prevent the defendants from shirking their responsibilities. See *White v. Martin* 2002 U.S. Dist. Lexis 27281, 22-23 (W.D. Mo. 2002). Importantly, Plaintiff seeks a ruling from this Court that Defendants must comply with state law, fundamental due process requirements before any eviction from Plaintiff's lawfully owned property can take place and allow Plaintiff to assert her cross-claims.

   D. **This Court should Waive Bond.**

   66. Plaintiff requests that she not be required to post any cash bond under Federal Rule of Civil Procedure 65. This Court has discretion to issue a preliminary injunction without requiring Plaintiff to give security. *See, e.g., Baldree v. Cargill,* Inc., 758 F. Supp. 704 (M.D. Fla. 1990), *aff'd*, 925 F.2d 1474 (11th Cir. 1991). Federal courts routinely waive bond requirements in suits to enforce important federal rights of public interest. *See, e.g., Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999); *Doctor's Assoc., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996); *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995); *Stockslager v. Carroll Elec. Co-op. Corp.*, 528 F.2d 949, 951 (8th Cir. 1976). Courts also have used their discretion to waive the bond requirement for indigent plaintiffs. *See, e.g. Bass v. Richardson*, 338 F. Supp. 478, 490 (S.D.N.Y. 1971) (—It is clear that indigents, suing individually, ordinarily should not be required to post a bond under Rule 65(c).); *Denny v. Health and Soc. Services Bd. of State of Wisconsin*, 285 F. Supp. 526, 527 (E.D. Wis. 1968)

(—Poor persons… are by hypothesis unable to furnish security as contemplated in Rule 65(c), and the court should order no security in connection with this preliminary injunction.).

67.      Important federal rights are at stake in this litigation.   Given the high likelihood of success on the merits, Plaintiff's status to remain in her lawfully owned home, as well as the fact that the injunction seeks merely to require Defendants to comply with federal law in their procedures to hold the required family law code sec. 2030 hearing, and litigate all of Plaintiff's claims to determine her equity and rights to her lawfully owned home, no bond should be required.

**CONCLUSION**

For all the foregoing reasons, Plaintiff requests that this Court issue a temporary restraining order, preliminary injunction prohibiting Defendants, their employees, and officers from evicting Plaintiff and her minor child without first complying with Due Process and equal protection of the law requirements.

**WHEREFORE**, Plaintiff prays as follows:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants, their agents, servants, employees and those acting in concert with actual notice thereof from enforcement of the writ of possession/eviction order and liquidating and/or disposing of Plaintiff's real and personal Property held after the requested motion for need based attorney fees requested on September 17th and numerous other times pursuant to Family Law Code § 2030, *et seq.* and before Plaintiff's Civil Suit matters are fully adjudicated to ensure a fair division of the estate and a hearing on why there should be no eviction.   Plaintiff is entitled to the requested relief because Defendants have violated and continue to violate Plaintiff's rights under the Constitution and laws of the United States by continuing to fail to hold the mandatory hearing for need based attorney fees, enforcing the void on its face judgment, evicting Plaintiff and her children without subject matter jurisdiction and without due process and equal protection of the law and during Covid-19 and Plaintiff fears for her and her child's safety and wellbeing.   Defendant has violated and will further violate

26

Plaintiff's rights under the Constitution and laws of the United States and from engaging in the policies, practices and conduct complained of herein;

2.      For a declaratory judgment that Defendants' policies, practices and conduct as alleged herein violate Plaintiffs' rights under the United States and California constitutions and the laws of California;

3.      For declaratory judgment that Defendants' violated Plaintiff's substantial property rights and continued residence of her home in violation of the laws for the State of California and as a citizen of the United States, Plaintiff has had her property rights placed in jeopardy because she was denied due process and equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution;

4.      That this Court find and declare that Plaintiff's due process and equal protection of the law rights were violated when the state law was not enforced, the mandatory duties required by Family Law Codes Sections 2030, *et seq.*, and 2120 through 2129 and remand back to state court with an order to enforce those State Laws according to their terms and provisions.

5.      That this Court find and Declare that all the matters dealing with Plaintiff's property held after the requested motion for need based attorney fees filed on September 13th pursuant to Family Law Code Section § 2030, *et seq.* and before torts have been fully adjudicated to ensure a fair distribution of the community property be stayed pending those adjudications;

6.      Any other relief that this Court deems necessary to protect Plaintiffs' rights and serve the interest of justice.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the complaint otherwise complies with the requirements of Rule 11.  I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.   I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.   I understand that my failure to keep a current address on file the Clerk's Office may result in the dismissal of my case. I declare under the laws of the United States of America that the foregoing is true and correct.  I declare under the laws of the United States of America that the foregoing is true and correct.  Executed this 20th day of January, 2020.

Respectfully submitted,

By
Alicia Marie Richards

EXHIBIT A

**SUPERIOR COURT OF CALIFORNIA**
**FOR THE COUNTY OF ORANGE**
**MINUTE ORDER**
10/23/2020

**Judge / Commissioner:** ANDRE DE LA CRUZ

**Dept.:** W10 at 1:30 PM                    **Clerk:** A. ARNOLD

**Bailiff:** R. GRIEGO                          **Reporter:** W. TORRES 10856

**Case Type:** DISSOLUTION WITH CHILD

**Case Number:** 15D009634

**Case Name:** RICHARDS V RICHARDS

**Appearances:**
RYAL RICHARDS, PETITIONER, RESPONDING PARTY - PROTECTIVE ORDER
KEVIN ROBINSON, ATTORNEY FOR PETITIONER

---

**MOTION - OTHER**                          Filed on  1/9/2020
    By PETITIONER                             RYAL W RICHARDS

*On the record at 1:35 PM*
Petitioner and counsel are present.

Court is advised Respondent called to say she will be thirty minutes late as she has been exposed to COVID and has a doctor's appointment.

Court finds Respondent has failed to appear or communicate with the Department even though shad has been ordered to appear at 1:30 PM.

Court notes Respondent advised the Clerk that she has been exposed to COVID again, which this Court finds Respondent lacks credibility and therefore will issue its ruling regarding the matters on calendar this date.

Pursuant to the stipulation of Petitioner and his counsel, this matter trails for arrival of Petitioner.

Matter trails.

*On the record at 2:32 PM*

Having been no appearance or communication from Respondent, Court proceeds.

Court states for the record the difficulties in which there have been to complete these matters.

The Court has tried to accommodate Mrs. Richards by granting her request for an in-person hearing since she was experiencing technical difficulties, only to have Mrs. Richards continue the matters every time the hearings have been scheduled.

The Court notes for the record Mrs. Richards has requested continuances because she has either had COVID or had been exposed to COVID no less than three times.

Court further notes for the record Mrs. Richards has not provided any documentation to support her diagnosis.

Court will proceed in her absence.

**Court's own Motion - Regarding Remand by Court of Appeal**
This matter is on calendar as Remanded by the Court of Appeals.

The issue before the Court is the order regarding Sanctions.

Court vacates the prior order regarding Sanctions that was remanded back to the Court on 3/02/2020.

**Motion Re: Other filed on 11/12/2019 filed by Petitioner**
The Court denies Third Party Claim of Exemption the Claim of Right to Possession and Notice of Hearing filed by Respondent on 3/13/2019 as it is defective.

Court orders that the Orange County Sheriff's Office shall proceed with the Writ of Execution within 96 hours of today. This matter shall be stayed for five days to allow time for Respondent to seek a Writ, if she chooses to do so.

**Motion Other filed by Petitioner on 1/09/2020**
Pursuant to Code of Civil Procedure Section 391.2, Respondent has been given the opportunity to be heard on deeming her a Vexatious Litigant.

Court grants Petitioner's request and deems Respondent a Vexatious Litigant for reasons as stated on the record.

Pursuant to Code of Civil Procedure Section 391.1, Respondent shall provide security in the amount of $4,000.00 prior to filing any new documents in the Orange County Superior Court.

Court further orders, pursuant to Code of Civil Procedure Section 391.7, Respondent must obtain a Pre-Filing Order from the Presiding Judge prior to filing any new documents.

Court explicitly bars the further filing of any Third-Party Claim by any Third Party in connection with Respondent's case in this action.

Motion for Attorney fees set for 10/30/2020 is advanced to today and continued to January 22, 2021 at 8:30 AM in this department.

Motion to Compel set for 10/30/2020 is advanced to today and continued to January 22, 2021 at 8:30 AM in this department.

Motion to Quash set for 11/06/2020 is advanced to today and continued to January 22, 2021 at 8:00 AM in this department.

Motion to Restore set for 11/06/2020 is advanced to today and continued to January 22, 2021 at 8:00 AM in this department.

Request for Order Re: Modification set for 11/20/2020 is advanced to today and continued to January 22, 2021 at 8:00 AM in this department.

Order to Show Cause Re: Contempt set for 12/04/2020 is advanced to today and continued to January 22, 2021 at 8:00 AM in this department.

**Remote Hearing:**
As previously advised, all future hearing dates will be conducted via video conference.

To the extent a continued hearing date has been set, please standby for further communication from the Courtroom Clerk with a link for your hearing. You may expect to receive a link no less than 24 hours prior to your next hearing date.

#12

EJ-130

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY:**       **STATE BAR NO.:**<br>NAME: KEVIN E. ROBINSON 88726<br>FIRM NAME: LAW OFFICES OF KEVIN E. ROBINSON<br>STREET ADDRESS: 970 W. 17TH STREET, SUITE D<br>CITY: SANTA ANA     STATE: CA   ZIP CODE: 92706<br>TELEPHONE NO.: 714-245-0210    FAX NO.: 714-973-0244<br>EMAIL ADDRESS:<br>ATTORNEY FOR (name): RYAL W. RICHARDS<br>[X] ATTORNEY FOR:   [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | **FOR COURT USE ONLY**<br><br>O.C. SHERIFF'S DEPT<br>HARBOR/COURT SERVICES<br>RECEIVED<br>2021 JAN -7 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 THE CITY ORANGE
MAILING ADDRESS:
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PLAINTIFF/PETITIONER: RYAL W. RICHARDS
DEFENDANT/RESPONDENT: ALICIA MARIE RICHARDS

| | CASE NUMBER: |
|---|---|
| | 15D009634 |

| WRIT OF | [ ] EXECUTION (Money Judgment)<br>[X] POSSESSION OF   [ ] Personal Property<br>                      [X] Real Property<br>[ ] SALE | [ ] Limited Civil Case<br>(including Small Claims)<br>[X] Unlimited Civil Case<br>(including Family and Probate) |
|---|---|---|

1. To the Sheriff or Marshal of the County of: ORANGE
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): RYAL W. RICHARDS
   is the [X] original judgment creditor [ ] assignee of record whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   [ALICIA MARIE RICHARDS
   351 Catalina Drive
   Newport Beach, CA 92663 ]

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date): 11-9-2018
   (See type of judgment in item 22.)
6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

9. [X] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.
    For items 11–17, see form MC-012 and form MC-013-INFO.

| | | |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 0 |
| 12. Costs after judgment (CCP 685.090) | $ | 0 |
| 13. Subtotal (add 11 and 12) | $ | 0 |
| 14. Credits to principal (after credit to interest) | $ | 0 |
| 15. Principal remaining due (subtract 14 from 13) | $ | 0 |
| 16. Accrued interest remaining due per<br>CCP 685.050(b) (not on GC 6103.5 fees) | $ | 0 |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ | 40 |
| 18. Total amount due (add 15, 16, and 17) | $ | 40 |

19. Levying officer:
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees)    $   0
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j))    $   0

20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

[SEAL]

Date: DEC 28 2020    Clerk, by _____, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Form Approved for Optional Use<br>Judicial Council of California<br>EJ-130 [Rev. September 1, 2020]

CEB | Essential [a]Forms<br>ceb.com

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010<br>Government Code, § 6103.5<br>www.courts.ca.gov

Richards, Ryal W

EJ-13

| Plaintiff/Petitioner: RYAL W. RICHARDS | CASE NUMBER: |
|---|---|
| Defendant/Respondent: ALICIA MARIE RICHARDS | 15D009634 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address)*:

22. The judgment is for *(check one)*:
  a. ☐ wages owed.
  b. ☐ child support or spousal support.
  c. ☒ other.

23. ☐ Notice of sale has been requested by *(name and address)*:

24. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
  a. *on (date)*:
  b. name, type of legal entity if not a natural person, and last known address of joint debtor:
    a. *on (date)*:
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

  c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
  a. ☒ Possession of real property: The complaint was filed on *(date)*: 11-4-2015 and   per 11-9-2018 order
    *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

    (1) ☐ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

    (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

    (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

      (a) The daily rental value on the date the complaint was filed was $   0   AV
      (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify)*:

        TBD by Court   AV

*Item 25 continued on next page*

CEB Essential ceb.com Forms

Richards, Ryal W.

EJ-13(

| Plaintiff/Petitioner: RYAL W. RICHARDS | CASE NUMBER: |
|---|---|
| Defendant/Respondent: ALICIA MARIE RICHARDS | 15D009634 |

25. b. ☐ Possession of personal property.
    ☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.
   c. ☐ Sale of personal property.
   d. ☐ Sale of real property.
   e. The property is described ☒ below ☐ on Attachment 25c.
351 Catalina Drive, Newport Beach, CA 92663
Lot 54 of Tract No. 1136, in the City of Newport Beach, County of
Orange, State of California, as per map recorded in Book 37, in the
office of the County Recorder of Orange County.

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]
CEB® | Essential
ceb.com | Forms

**WRIT OF EXECUTION**

Page 3 of 3

Richards, Ryal W.

L-1051

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>KEVIN E. ROBINSON, ATTORNEY AT LAW          SBN 88726<br>970 W. 17TH ST, SUITE D<br>SANTA ANA, CA 92706<br>TELEPHONE NO.: 714 245 0210          FAX NO. *(Optional):* 714 973 0244<br>E-MAIL ADDRESS *(Optional):* robinsonlawoffice@yahoo.com<br>ATTORNEY FOR *(Name):* RYAL W. RICHARDS | *FOR COURT USE ONLY*<br><br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>LAMOREAUX JUSTICE CENTER<br><br>**DEC 2 8 2020**<br><br>DAVID H. YAMASAKI Clerk of the Court<br><br>BY _____ A. VAN _____ DEPUTY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central – 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Harbor – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ St., Westminster, CA 92683-4593 | |
| PLAINTIFF: RYAL W. RICHARDS<br><br>DEFENDANT: ALICIA MARIE RICHARDS | CASE NUMBER:<br>15D009634 |
| **APPLICATION FOR WRIT OF POSSESSION** | Unlimited civil actions only. Case assigned to:<br>Judge: Ander DeLaCruz<br>Department: L63<br>Date complaint filed: 11-4-2015<br>Hearing/trial date: |

I am the   ☐ plaintiff   ☑ plaintiff's attorney   in the above entitled action and hereby apply for a Writ of Possession under Sections 712.010 and 715.010 of the Code of Civil Procedure.

The daily rental value of the property at issue as of the date the complaint for unlawful detainer was filed is $_____.

☐   A Prejudgment Claim of Right to Possession has been served in compliance with Section 415.46 of the Code of Civil Procedure. The writ shall apply to all tenants, subtenants, named claimants, and other occupants of the premises.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11-19-20

KEVIN E. ROBINSON
(TYPE OR PRINT NAME)

[SIGNATURE OF PARTY OR ATTORNEY]

EXHIBIT B

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

OCT 30 2020

DAVID H. YAMASAKI, Clerk of the Court

BY: A. ARNETT Deputy

1  KEVIN E. ROBINSON      SBN 88726
   LAW OFFICES OF KEVIN E. ROBINSON
2  970 West 17th Street, Suite D
   Santa Ana, California 92706
3
   Tel: 714-245-0210
4  Fax: 714-973-0244
5  Attorney for Ryal W. Richards
6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8              COUNTY OF ORANGE, LAMOREAUX JUSTICE CENTER
9  IN RE THE MARRIAGE OF:                )   Case No. 15D 009634
                                         )
10 RYAL W. RICHARDS                      )   [Proposed] ORDER
                                         )
11            Petitioner                 )
                                         )   DATE:
12 and                                   )   TIME:
                                         )   DEPT:
13 ALICIA MARIE RICHARDS                 )
                                         )
14            Respondent.                )
15
16
17         The Court having reviewed the RFO/Motion and Claim of Possession and Notice of Hearing
18 filed by Jonathan Richards, and
19         GOOD CAUSE EXISTING
20         The Court hereby orders that:
21         1.    The claim of possession by Jonathan Richards is denied.
22         2.    On the property located at 351 Catalina Drive, Newport Beach, California, no further
23               claim of possession and notice of hearing shall be filed on this property delaying the
24               Writ of Possession, in accordance with Order Deeming
25 ///           Respondent Alicia Richards a Vexatian
26 ///           Litigant.
27 ///
28 ///

                                        1
                                 [Proposed] ORDER

3.    The Orange County Sheriff's Office shall disregard any further claim of possession filed by any alleged tenant occupier or any other person regarding said property. Once the Relief from Stay is granted by the Bankruptcy Court the sheriff's office shall immediately execute the eviction.

IT IS SO ORDERED.

Dated: _____ OCT 3 0 2020 _____

THE HONORABLE ANDRE DeLaCRUZ
JUDGE OF THE ORANGE COUNTY
SUPERIOR COURT

[Proposed] ORDER

I hereby certify the foregoing instrument consisting of __2__ page(s) is a true and correct copy of the original on file in this court.

ATTEST: (DATE)_____ **OCT 3 0 2020**_____
DAVID H. YAMASAKI, EXECUTIVE OFFICER AND CLERK OF THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

BY _____, DEPUTY

AMY ARNOLD

EXHIBIT C

Alicia Marie Richards
351 Catalina Drive
Newport Beach, CA 92663
(949)813-6138

Respondent in Pro Per

ELECTRONICALLY FILED
Superior Court of California
County of Orange
Lamoreaux Justice Center
10/23/2020 11:09 AM
David H. Yamasaki, Clerk of the Court
By: A. Arnold, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, LAMOREAUX JUSTICE CENTER

IN RE MARRIAGE OF:

RYAL W. RICHARDS,

    Petitioner,

and

ALICIA MARIE RICHARDS

    Respondent.

Case No.: 15D009634
Assigned to: The Honorable Andre De La Cruz,
Judge Presiding, Dept. W10

NOTICE OF REMOVAL OF FAMILY LAW CASE
TO DISTRICT COURT FILED OCTOBER 23,
2020

TO THE COURT AND TO RYAL W. RICHARDS AND HIS ATTORNEY KEVIN E. ROBINSON IN THE ABOVE ENTITLED ACTION:

PLEASE TAKE NOTICE this case has been removed to the United States District Court. *See* Notice of Removal filed in the United States District Court under Case No. 8:20-cv-02039-JLS-KESx filed on October 23, 2020 taking jurisdiction away from this Court and this Court should take no further action in this matter until and if the District Court remands this matter back to state court under the district court case. no. 8:20-cv-02039. See Exhibit A.

Dated:  October 23, 2020

By: _____
    Alicia M. Richards

1

EXHIBIT A

FILED

Alicia M. Richards
351 Catalina Drive
Newport Beach, CA 92663
(949) 813-6138

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

CENTRAL DISTRICT OF CALIFORNIA

RYAL W. RICHARDS,

    Plaintiff,

vs

ALICIA MARIE RICHARDS

    Defendant.

Case No.:    8:20-cv-02039 JLS (KESx)

[State Court Civil Action 15D009634]

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE ENTITLED COURT:

    PLEASE TAKE NOTICE that the ALICIA MARIE RICHARDS, hereinafter referred to as

Defendant, hereby removes the state Court action described below.

    1.  This action was commenced against Plaintiff in the Orange County Superior Court, County

of Orange, State of California entitled *Richards v. Richards*, Plaintiff, Ryal W. Richards v. Defendant,

Alicia Marie Richards case number 15D009634. On January 9, 2020, Plaintiff commenced the filing of an action against Defendant. The action has been tolled because of the pandemic Covid 19 and one year has not elapsed since the prosecution action against Defendant. Defendant will suffer irreparable harm and is being denied her civil rights under the Fourteenth Amendment of the United States Constitution and cannot enforce her civil rights under federal law because she is being discriminated against under color of authority because of her race and color. The complaint alleges claims pursuant to 24 U.S.C. Sec. 1983 and state law.

2. Pursuant to 28 U.S.C. 1441(a), the Defendant may remove to the District Court of the United States, for the district and division embracing the place where such action is pending, any civil action brought in a state court of which the district court of the United States have original jurisdiction. Pursuant to 28 U.S.C. § 1441(b), any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution or laws of the United States shall be removable without regard to citizenship or residence of the parties.

3. By virtue of 28 U.S.C. § 1331, 1343, the United States District Court has original jurisdiction of any civil action for a claim under 42U.S.C. 1983. Section 1983 does not expressly prohibit removal and the existence of concurrent jurisdiction in the state court over claims under 42 U.S.C. § 1983 is insufficient, standing alone, to defeat the right of removal granted the Defendant under 28 U.S.C. § 1441.

4. By virtue of 28 U.S.C. § 1443, the United States District Court also has original jurisdiction over Defendant's civil action for a claim under 42 U.S.C. §§ 1981, 1983, 1985 (3), 1986, and 18 U.S.C. 241 and 242 because she is being discriminated against under color of authority and cannot enforce her federal rights under the Due Process Clause to the Fourteenth Amendment to the United States Constitution because of color of authority and has been discriminated against because of her color and race.

5.  By virtue of the foregoing, the Defendant hereby removes this action to the United States District Court for the District of California, Central Division.

6.  Defendant was served with the cause of action on or about January 20, 2020 and received the action on about January 30, 2020. Pursuant to 28 U.S.C. Section 1446(b), this notice has been timely filed. A copy of the pleadings served upon Defendant are attached hereto.

7.  This action is a civil action of which the Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provision of 28 U.S.C. 1441 (a) that states any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant, to the district court of the United States for the district and division embracing the place where such action is pending. This Court has original subject matter jurisdiction over Defendant's federal question jurisdiction arising under the Constitution within the meaning of section 1331 and because the amount in controversy exceeds $2,000,000. This matter has been timely removed to this Court under federal question jurisdiction.

8.  The District Court also has Original Jurisdiction under 28 U.S.C. 1343(s) of this civil action authorized by law because of the deprivation of Defendant's right and privilege of being a citizen of the United States in furtherance to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

9.  Removal in this case is mandatory to protect Defendant's constitutional rights. Defendant removes the above entitled case from the State Superior Court, for the federal Question. This case has caused Defendant to seek the protection of this court on of her civil rights deprivation because the State Family Law Court failed to follow its own mandatory statutory laws, acted against public policy, and has discriminated against Defendant denying her federally protection rights because she is a elderly

3

1    white woman.[1] compare with *Mitchum v. Foster*, 407 U.S. 225 (1972) [92 S. Ct. 2151] [Title 42 U.S.C.

2    § 1983, which authorizes a suit to redress the deprivation under color of state law "of any rights,

3    privileges, or immunities secured by the Constitution . . . ,"]

4        10. Defendant alleges that in this case, Plaintiff is conspiring with others to injure, oppress,

5    threaten and intimidate Defendant and Defendant cannot enforce her rights in state court to protect her

6    property with equal rights to be represented by counsel and petition the government for redress and is

7    being deprived of the right to have her claims litigated in a full, fair judicial process which is contrary

8    to public policy. Defendant cannot enforce her federal rights in state court, and Defendant has no state

9    court remedy because the state judicial process procedures have become inadequate to redress any loss

10   Defendant has suffered when that loss is due to a state official who failed to perform his mandatory

11   statutory duty to hold Defendant's timely requested Family Law Code Sec. 2030 hearing. This in and

12   of itself deprived Defendant of council and then the Family Law Court terminated the action before

13   allowing Defendant to litigate her tort claims brought pursuant to Family Law Code Sec. 2120 through

14   2129 taking away her rights to a fair division of the community estate. This is a case where Defendant

15   was subjected to: "A tortuous loss of property or result of a random and unauthorized act by the state."

16   [Citation] compare with (*Parratt v. Taylor*, 451 U.S. 527 (1981) where the party is not required to

17   allege inadequately of state law remedies. In *Parratt*, the Court held "that availability of post-

18   termination tort action does not supply due process '[i]t is the state system itself that destroys a

19   complainant's property interest'. . ." just as in this case. *See also Logan v. Zimmerman Bush Com.*

20   455 U.S. 422 428-437 and 433-442 [102 S.Ct. 1148] (1982) stating "the hallmark of property cannot

21   be removed except for cause and appellant's rights shares' this characteristic. The 120 day limitation is

[1] Defendant is requesting this Honorable Court to liberally construe her pleadings to a "less stringent standard" than formal pleadings drafted by lawyers (*See Hall v. Bellman*, 935 F. 3d 1106, 1110 (10th Cir. 1991)) In that case, the Court went on to say: "If a court can reasonably read the pleadings to state a valid claim on which (Defendant) could prevail, it should do so despite the Defendant's failure to cite proper legal authority, his confusion of various legal theories, his support syntax and sentence construction or his unfamiliarity with pleading requirements." See also *Riley v. Green*, 149 F. Supp. 2d 1256 (D. Colo. 2001); *cf Hughes v. Rowe*, 449 U.S. 5, 9 (101 S.CT. 1731) (1980), citing: *Haines v. Kerner*, 404 U.S. 519, 520-21 [92 S.Ct 594] (1972) where the Supreme Court directed that those who are unschooled in law making pleadings and or complaints shall have the court look to the substance of the pleadings rather than to the form.

a procedural limitation on the claimant's ability to assert his rights, not a substantive element of the EBT claims." *See Logan supra* at 428 to 433. The issue in this case, like *Logan supra*, is "... 'The state may not terminate a complainant's cause of action because the state official for reasons beyond the complainants control, failed to comply with a 'statutory mandatory procedure'"])

11. Defendant posits the state court's failure to follow its own statutory laws violating Defendant's due process and equal protection of the law rights made orders to evict Defendant from her home that she lawfully owns without any notice, hearing or opportunity to prepare a defense enforcing a void on its face judgment[2] procured by the fraud on the Court by Plaintiff depriving Defendant of equal rights under color of authority and failing its duty to hold her timely requested Family Law Code Sec. 2030 hearing within 15 days depriving her of council and ending the proceedings without allowing her tort claims to be adjudicated pursuant to Family Law Code Sec. 2120 through 2129 depriving her of a fair distribution of the community estate.

12. Defendant has tried to defend herself against the fraud procured by Plaintiff while being forced to proceed pro se and now the Family Law Court wants to punish her and declare her a vexatious litigant even though it was the Court's failure to enforce state law by failing to hold Defendant's family law code sec. 2030 hearing depriving her of representation at the same time Plaintiff was and still is in defiance of the Family Law Court orders to provide support.   The family law is proceeding for the sole purpose to harass and deprive Defendant of her rights under the federal constitution to a fair division of the community estate because she is an elderly white woman and because Defendant had a property

---

[2] "'A judgment absolutely void may be attacked anywhere, directly or collaterally whenever it presents itself, either by parties or strangers. It is simply a nullity, and can be neither a basis nor evidence of any right whatever.'" [Citation.]" *See Thorlook Resources Limited v. Western States Internat., Inc.* (2013) 219 Cal.App. 4[th] 773, 779. A party affected by Void Judicial action need not appeal. *State ex rel. Lotty*, 907 S.W. 2d at 486. "It is entitled to no respect whatsoever because it does not effect, impair, or create legal rights." *Ex Parte Spaulding*, 687 S.W. 2d at 745 (Teague, J. concurring). A judgment void on its face is a nullity and all acts performed under it are void. *See Kreiss v. Hotaling*, 96 Cal. 617 [31 P. 740]*See also Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) [Due process rights because of state employee failing to follow statutory procedure depriving [defendant] of her property without due process and equal protection of the law.]

5

interests in her claim, the denial of any forum to hear that claim is a violation of due process. *Id Logan* at p. 432.

13. Removal of this case is proper so that Defendant's civil rights are not further violated by the Family Law Court under the Fourteenth Amendment to the U.S. Constitution. For example, this case shows that Defendant has been discriminated against in the judicial process solely to harass her because she is an elderly white woman and without protection of her Fourteenth Amendment rights she will be deprived of her property without due process and equal protection of the law. As the record reflects the Family Law Court has, in violation of Defendant's civil rights ordered defendant evicted out of her own property without a notice, a hearing, and an opportunity to prepare a defense which is an order void on its face as violative of the due process Clause of the Fourteenth Amendment. The Family Law Court is enforcing a void on its face judgment procured by the fraud of Plaintiff and is further depriving Defendant of her right to counsel pursuant family law code sec. 2030 and have her tort claims adjudicated pursuant to family law code sec. 2120 through 2129. These void orders violate public policy and due process and equal protection of the law causing a miscarriage of justice and irreparable injury to Defendant because the Family Law Court has failed to follow state law. (*See Maine v. Thiboutot*, 444 U.S. 1, 20, 21 (100 S.Ct. 2502, 2513) (1980) (Re: Standing in Federal Court) compare with GROUNDS FOR REMOVAL, *infra*). The matters Defendant is asking this Court to resolve deals with Plaintiff's 1. Breach of Contract; 2. Attempted Theft of Defendant's fair share of the community real property and actual theft of other non-disposable community assets; 3. Concealment of Community Finances in excess of $115,000.00; the destruction of Defendant's online business, its inventory, and her credit; Plaintiff's abuse of process by enforcing a void on its face judgment procured by fraud on the court. Defendant has a vested statutory right to have the aforementioned claims decided before any division and/or sale of any asset and/or before any distribution otherwise it deprives Defendant of her fair share of the community estate. (*See* Cal. Fam. Law Code §§ 2120 through 2129, 2130, *et seq.*, and Fam. L. Code §§ 2550 & 2602 & *Marriage of Economou*, 224 CA3d 1466, 1483 (1990); *cf.* Fam. L.

6

Code §§ 1100-1102). Failure to follow its own mandatory statutory laws, acting against public policy and discriminating against Defendant because she is a elderly white woman and conspiring with Plaintiff to injure, oppress, threaten and intimidate Defendant in the free exercise of her rights to petition and protect her property with equal rights to be represented by counsel and petition the government for redress and the Court's failure to follow and implement the Fam. Law Code Statutes according to their terms and provision have violated Defendant's Civil Rights and Defendant claims standing pursuant to 28 U.S.C. §§ 1343, 1441, 1443, 18 U.S.C. § 241, 42 U.S.C. § 1981 and § 1983 and alleges as follows:

### JURISDICTION AND VENUE

14. This Court has jurisdiction over Defendant's real and personal community property civil action under 28 U.S.C. §§ 1343(a)(3)-(4) 1443, and 28 U.S.C. § 1441. This Court has original subject matter jurisdiction over Defendant's federal question jurisdiction arising under the Constitution within the meaning of section 1331 and because the amount in controversy exceeds $2,000,000. The Civil Rights Act of 1981, 1983 are Acts of Congress securing "equal rights" and/or "civil rights" as those terms are used in § 1343. *See Flowers v. First Hawaiian Bank*, 295 F. 3d 966 (9th Cir. 2001) [Held: "Appropriate allegations that a claim arises under the Constitution, *i.e.* property and contract disputes, laws, or treaties of the United States is sufficient to vest a federal district court with jurisdiction to determine whether or not the claim actually does so arise, and if it does, to decide the issue the claim presents"]). *See also Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019) Because Defendant's civil action arises under the laws of the United States, including 42 U.S.C. § 1981 and § 1983, Article 1 § 10(1) and the First, Sixth Amendments as codified under the Fourteenth Amendment to the United States Constitution, Defendant has stated a claim for which relief can be granted and jurisdiction and venue are proper in this Court. Further, the well-pleaded complaint rule does not apply to removals under § 1443. *See, e.g., Rogers v. Rucker*, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993) (noting that § 1443 is a "statutory exception to the well-pleaded complaint rule."). Therefore, a federal

question need not appear on the face of Plaintiff's complaint for the Case to be removable. *See id.;*

*Caterpillar, Inc. v. Williams.* 482 U.S. 386, 392 (1987).

15. Additionally, this Court has supplemental jurisdiction over Defendants claims arising under state law pursuant to 28 U.S.C. § 1367(a) when those claims are so related to the federal claims that they form part of the same case or controversy under Article III § 2 of the United States Constitution. . "The Constitution does not mandate the exclusion of domestic relations cases from federal court jurisdiction." (*See Ankenbrandt v. Richards* 504 U.S. 689 (1992)) *See also Atwood v. Fort Peck Tribal Court,* 513 F.3d 943 (9th Cir. 2008) [Held: "domestic relations exception, "a doctrine divesting the federal courts of jurisdiction, applies ONLY to the diversity jurisdiction statute, 28 U.S.C. § 1332, and that the district court erred by applying the domestic relations exception because federal question jurisdiction exists in this case under 28 U.S.C. § 1331." *See also U.S. v. Bailey,* 115 F.3d 1222 (5th Cir. 1997) [Held: "The domestic relations exception obtains from the diversity jurisdiction statute, 28 U.S.C. § 1332, *see Ankenbrandt,* 504 U.S. At 700-01, and therefore it has no application where, as here, there exists an independent basis for federal jurisdiction. The instant action is based not on diversity but on an express grant of jurisdictional authority under 28 U.S.C. § 1331. Because this case clearly arises under this Court's federal question jurisdiction, the domestic relations exception presents no bar." *See also Smith v. Amedisys Inc.,* 298 F.3d 434 (5th Cir. 2002) stated "Under § 1441(c), whenever a 'separate and independent claim or cause of action' that is based on federal-question jurisdiction is 'jointed with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein". (*See also Rash v. Rash,* 173 F.3d 1376 (11th Cir. 1999) {Re: dispute over assets docs not bar remova.])

16. This removal in no way seeks to issue divorce, alimony, or a child custody decree but is a dispute over assets. Further, Defendant does not seek a determination of status or obligations arising from status. This Court's determination of Defendant's civil right and property claims will neither upset a prior state court determination of status or obligations appurtenant to status nor preempt a

8

pending state court determination of this nature.   Defendant's state law claims for money damages are

easily cognizable in federal court and favor consideration of the exercise of federal jurisdiction over

Defendant's claims because the state court refuses to do its job and follow the law by enforcing family

law code sec. 2030 and family law code sec. 2120 through 2129 in violation of statutory law and public

policy.  Defendant is unable to enforce her equal rights under the family law statutes (family law code

§§ 2130 and 2120 through 2129) from the family law court who is acting under color of authority

depriving Defendant of her rights because of her color and race secured and guaranteed to Defendant

by the Fifth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. §§

1981, 1983, 1985 (3), 1986, and 18 U.S.C. 241 and 242.

17. Removal is proper "in accordance with the provisions of 28 U.S.C. § 1443 and 28

U.S.C. 1343 (3) and § 1441 because Defendant has been denied by law her civil rights and property

rights by the family law court who has acted under color of authority and violated Defendant's

statutory right to a family law code sec. 2030 hearing forcing Defendant to represent herself in

violation of state law and public policy (See Family Law Code Sec. 2030 Stats @ AB 929 Stats 2010

352, subsection 4-17 @ pages 8 through 17.) The family law court refuses to follow state law and hold

the timely requested mandatory, statutory family law code sec. 2030 hearing and the family law code

sec. 2120 through 2129 hearing and make the required findings depriving Defendant of access to

counsel, the right to proper and adequate notice, a meaningful opportunity to be heard, the right to

petition for redress and to offer evidence depriving defendant of a fair distribution of the community

estate --- laws secured and guaranteed to Defendant by the First, Fifth Amendments as codified under

the Fourteenth Amendment to the United States Constitution as well as 42 U.S.C. §§ 1981, 1983, 1985

(3), 1986, and 18 U.S.C. §§ 241 and 242.

18. Defendant has further sufficiently alleged facts sufficient to show that the requirements

for removal under 28 U.S.C. § 1441 were satisfied and asserted original jurisdiction under 28

U.S.C. 1343(3) and 28 U.S.C. § 1443. Defendant stated that she has been denied by law her civil

9

Notice of Removal

1   rights and property rights  under the Fourteenth Amendment of the Constitution by the family law

2   court who has acted under color of authority and violated Defendant's statutory right to a family law

3   code sec. 2030 hearing forcing Defendant to represent herself in violation of state law and public

4   policy and failing to adjudicate her tort claims pursuant to family law code sec. 2120 through 2125

5   against Plaintiff who is enforcing a void on its face judgment procured by fraud on the court.

6   Defendant clearly alleges a factual basis for removal is because she is unable to enforce state law

7   in the state court and the state court was denying her rights depriving her of a fair distribution of

8   the community estate under color of authority of law because she is an elderly white woman.

9   Instead the trial court ignored Defendant's family law code sec. 2030 requests that resulted in the

10   state family law court ending the proceedings without litigating Defendant's torts pursuant to

11   family law code sec. 2120 through 2129.  These acts violated Defendant's federal rights depriving

12   her of a fair share of the community estate.  Defendant has breach of contract claims against her

13   spouse for over $2,000,000 [$400,000 false property claims; $50,000 theft of property; $115,000

14   concealment of property; $372,000 failure to pay support/payments made on community estate;

15   $1,000,000 intentional and negligent infliction of emotional distress; $500,000 defamation with

16   malice; $2,000,000 breach of contract] and her claims have never been litigated in any court of law

17   and have been equitably tolled by the trial court's due process and equal protection of the law

18   violations.   Because Defendant is appearing pro se, Defendant's requests her notice of removal be

19   liberally construed and request this court afford her the benefit of any doubt.  See *Karim-Panahi v.*

20   *Los Angeles Police Dep't,* 839 F.2d 621, 623 (9th Cir.1988).

21       19.   Defendant has been denied due process and equal protection of the family law code

22   sections 2130 and 2120 through 2129 and is being discriminated against because she is an elderly

23   white woman and the Court is acting against public policy and is conspiring with Plaintiff to injure,

24   oppress, threaten and intimidate Defendant in the free exercise of her rights to petition and protect her

25   property with equal rights to be represented by counsel and petition the government for redress.

Defendant is being treated unfairly by the family law court who is acting under color of authority and is being denied her federal rights under the First, Fifth Amendments as codified under the Fourteenth Amendment to the United States Constitution as well as 42 U.S.C. §§ 1981 1983, 1985, 1986, and 18 U.S.C. §§ 241 and 242 and after repeated requests by Defendant who has been unable to enforce her rights to the mandatory, statutory family law code sec. 2030 hearing so she can have equal access to counsel and be represented before the court proceeds, the right to proper and adequate notice, a meaningful opportunity to be heard, the right to petition for redress and to offer evidence as required by family law code sec. 2120 through 2129. The trial court acting under color of authority has refused and prevented Defendant from having her timely requested family law code sec. 2030 hearing and refuses to make the required findings to ensure Defendant has equal rights to counsel and equal rights to have her tort claims litigated against the other party under family law code sec. 2120 though 2129 in violation of statutory law and public policy and instead is enforcing a void on its face judgment procured by Plaintiff's fraud. Defendant is unable to enforce her equal rights under the family law statutes (family law code §§ 2130 and 2120 through 2129) secured and guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution as well as 42 U.S.C. §§ 1981 1983, 1985 (3), 1986, and 18 U.S.C. §§ 241 and 242. There is no other rational basis for the difference in treatment from those similarly situated other than discrimination of race and color giving this Court exclusive and subject matter jurisdiction over this case because the family law court who is acting under color of law has willfully subjected Defendant to the deprivation of rights, privileges secured and protected by the Constitution and laws of the United States and is conspiring with Plaintiff to injure, oppress, threaten and intimidate Defendant in the free exercise of her rights to petition and protect her property with equal rights to be represented by counsel and petition the government for redress and is subjecting Defendant to different punishments, pains and penalties by reason of her color and race.

///

11

20.  Defendant posits that as a U.S. Citizen she has a vested right to have the state Court action removed to this Court in accordance with the provision of 28 U.S.C. 1343(3), 1443 and 1441 because this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California because her federal rights have been violated and she cannot enforce her federal rights. This Court has original subject matter jurisdiction over Defendant's federal question jurisdiction arising under the Constitution within the meaning of section 1331 and because the amount in controversy exceeds $2,000,000. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1 (2003) held that under 28 U.S.C 1441, "a state claim may be removed to federal court in only two circumstances — when Congress expressly so provides or when a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441 which authorizes any claim that "arises under" federal law to be removed to federal court. *See Flowers v. First Hawaiian Bank, supra*, 295 F. 3d 966 [Held: "Appropriate allegations that a claim arises under the Constitution, *i.e.* property and contract disputes, laws, or treaties of the United States is sufficient to vest a federal district court with jurisdiction to determine whether or not the claim actually does so arise, and if it does, to decide the issue the claim presents"]).

21.  Venue is proper in this Court under 28 U.S.C. § 1391(b) because all the parties reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## GROUNDS FOR REMOVAL AND SUBJECT MATTER JURISDICTION

22.  On a federal jurisdictional question:  Should a federal court exercise its original and exclusive jurisdiction over defendant's civil rights and property claims under 28 U.S.C. 1983 when the state court fails to perform its mandatory statutory duties within the 15 day prescribed timeframe in violation of the state's Evidence Code Section 666 and 667 when it chose to ignore defendant's civil

12

Notice of Removal

rights and property rights based on her repeated requests to be represented by counsel in accordance with state law [Family Law Code sec. 2030 et seq.] and pursuant to: 1. Statutory and public policy; 2. Judicial Council mandate; and 3. Legislative intent that every family law litigant have access to legal representation pursuant to family law code section 2030 *et seq.* and have her tort claims litigated during the family process pursuant to family law code sec. 2120 through 2129 and instead the Court is enforcing a void on its face judgment procured by Plaintiff's fraud. The family law court has discriminated against Defendant and refuses to follow state law because Defendant is a elderly white women and is depriving Defendant of equal access to counsel, the right to proper and adequate notice, a meaningful opportunity to be heard, the right to petition for redress and to offer evidence depriving defendant of a fair distribution of the community estate — laws secured and guaranteed to Defendant by the First, Fifth Amendments as codified under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1981 1983, 1985 (3), 1986, and 18 U.S.C. §§ 241 and 242. Defendant has been denied substantive due process and equal protection of state law in violation of the United States Supreme Court precedent *Logan v. Zimmerman Bush Com., supra,* 455 U.S. 422 428-437 and 433-442 stating "the hallmark of property cannot be removed except for cause and appellant's rights shares' this characteristic. The 120 day limitation is a procedural limitation on the claimant's ability to assert his rights, not a substantive element of the EBT claims." *See Logan supra* at 428 to 433. The issue in this case, like *Logan supra,* is ". . . "The state may not terminate a complainant's cause of action because the state official for reasons beyond the complainants control, failed to comply with a 'statutory mandatory procedure'"] *See Zablocki v. Redhail* (1977) 434 U.S. 374,380-388 [98 S. Ct. 673] Re: Court's failure to follow state law when Public Policy and Fam. Law Code§§ 2030, *et seq.,* 1000(b)(2) and §§ 2120 through 2129 "establishing a state process the Trial Court failed to follow destroying Plaintiffs entitlements in violation of the Fourteenth Amendments Substantive Due Process guarantee" and placing plaintiff in statutory classification that interferes with the exercise of her fundamental statutory rights in accordance with state law.

13

28 U.S.C. § 1443 states:

"Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place where it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof:

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."

The state court has ignored Defendant's federal rights and Defendant cannot enforce in the California court her rights under federal law providing for equal civil rights of citizens of the United States because the state court has refused to rule on the merits of Defendant's claims and is performing legislative acts in conflict with legislative intent and failure to follow statutory law. Defendant is invoking the Due Process Clause of the Fourteenth Amendment to the United States Constitution and claims under the civil rights act of 42 U.S.C. §§ 1981, 1983, 1985 (3), 1986, and 18 U.S.C. §§ 241 and 242 that her has been discriminated against because she is an elderly white woman and cannot enforce her federal rights in state court.

23.  Defendant is seeking damages from Plaintiff Ryal W. Richards for his breach of contract and for causing this litigation and enforcement of the void on its face judgment procured by Plaintiff's fraud on the court depriving Defendant of a fair division of the community estate.

24.  This Court has federal question jurisdiction over Defendant's civil rights, contract rights, and property claims that are protected under the Fourteenth Amendment. *See Lynch v. Household Finance Corp.* 405 U.S. 538, 544-46 [92 S.Ct. 1113] (1972) In this case, the Court was to be sure each party was adequately represented by counsel pursuant to state law and as directed by the judicial counsel and public policy.  (*See* Family Law Code Sec. 2030, et seq. AB-939, Stats 2010 Ch. 352 §§ 4 through 17 @ pgs. 8 through 17; *cf. Marriage of M.A. & M.A.* 234 CA4th 894, 902 (2015) and *Marriage of Jovel*, 49 Cal.App. 4th 575, 585-86 [56 CR2d 740] (1996)).  However, Defendant was denied due process and equal protection of the law because notwithstanding her repeated requests by

14

1  notice and by motion to be represented pursuant to the expressed language used in Fam. Law Code §

2  2030 et seq., and 2120 through 2129 and instead the Court has enforced a judgment procured by fraud

3  on the court giving Plaintiff more than he was entitled to receive, depriving Defendant of a faire

4  distribution of the community estate and depriving her of adjudication of her tort claims against

5  Plaintiff. In addition to making orders without due process of law and punishing Defendant for trying

6  to protect her property while Plaintiff is in disobedience of its orders and is enforcing a void on its face

7  judgment procured by fraud on the court. The state court has treated Defendant to different pains,

8  punishments, pains and penalties because she is an elderly white woman and has not followed the law

9  and refuses to rule on her motion within the 15-day prescribed statutory timeframe and is ignoring her

10 right to have her claims litigated before distributing the assets depriving Defendant of a fair distribution

11 of the community estate. *See Maine v. Thiboutot, supra,* 448 U.S. @ 20 [Held: "We have stated, for

12 example, that a major purpose of the Civil Rights Acts was to 'involve the federal judiciary' in the

13 effort to exert federal control over state officials who refused to enforce the law."; *cf. Logal v.*

14 *Zimmerman Bush Co.,* 455 U.S. 422, 428-37 & 433-42 (1982).

15     25.  Defendant posits that the state court had Defendant's noticed motion before it and knew

16 the statute required it to enforce family law code sec. 2030, et seq. according to its terms and provisions

17 but made the Legislative decision to change the meaning of family law code § 2030 and §§ 2120

18 through 2129 and ignore Defendant's Civil Rights under 28 U.S.C. 1983, Legislative intent and public

19 policy in violation of state Evidence §§ 666 and 667, and the Fourteenth Amendment to the United

20 States Constitution. This, in and of itself, is more than enough grounds for subject matter jurisdiction

21 so that Defendant's federally couched Civil Rights and tort claims can be fairly litigated.

22     26.  Defendant posits that the Court draws its authority and discretion from the law itself, and

23 there is never a legal ground to ignore the law or to violate someone's rights to due process and equal

24 protection of those laws. (Citation omitted.) Therefore, removal of this case is not only proper, it is

25 especially warranted when, as in this case, there was no fairness toward Defendant who was uneducated

and unfamiliar with family law, and who was without funds to be forced to proceed unrepresented in violation of family law code sec. 2030 et seq. while Plaintiff was using Defendant's court ordered spousal and child support funds along with his considerable income to fund an attorney for himself. This not only turned the legal process into a "sham" proceeding, but when the Court told Plaintiff's attorney to file a petition to find Defendant to be a vexatious litigant and it would sign. This shows prejudice and bias and subjecting Defendant to different punishments, pains and penalties by reason of her color and race because the court has not penalized Plaintiff for enforcement of a void on its face judgment that he has continued to relitigate, refusing to pay court ordered child support or court ordered alimony, and refusal to provide court ordered discovery. The Civil Code of Procedure sec. 391 statute under which Defendant is charged is being unconstitutionally applied to Defendant's conduct and that its application was part of a policy of racial discrimination fostered by the state court and Plaintiff to deprive Defendant of her fair share of the community estate so they could keep enforcing a void on its face judgment procured by Plaintiff's fraud and beyond the court's authority and gagging Defendant preventing her from having her claims adjudicated in a full, fair judicial process. The state court has applied Civil Code of Procedure sec. 391 prior to trial so as to deprive Defendant of her equal civil rights under 28 U.S.C.1983 in that the prosecution and charge under the statute were effected for reasons of racial discrimination. This baits the question of how one can be forced into representing themselves because the court failed to perform its mandatory statutory duties to hold the requested mandatory family law code sec. 2030 hearing depriving Defendant of counsel, flies in the face of the fair administration of the law for the Court to use this tactic to stop Defendant from defending against the loss of her federally protected rights while making orders against a void on its face judgment procured by Plaintiff's fraud depriving Defendant of a fair division of the community estate. In point of fact and law, it was NOT Defendant who refused to follow state law. The only reason for the discrimination by the court treating Defendant to different punishments, pains and penalties is because Defendant is an indigent elderly white woman, Defendant

16

1    is being deprived of equal access to counsel, the right to proper and adequate notice, a meaningful

2    opportunity to be heard, call witnesses, petition for redress and to offer evidence on the torts and offset

3    before any "fair" distribution of the assets were made by reason of her color and race. Those things

4    taken together add up to Defendant being denied her First, Fifth Amendment Guarantees as codified

5    under the Fourteenth Amendment to the United States Constitution. (*See* 42 U.S.C. §§§ 1981 1983,

6    1985(3), 1986; *cf.* 18 U.S.C. §§ 241 & 242; *cf. Logan v. Zimmerman Brush Co., supra,* 445 U.S. @

7    428-37 & 433-42 [Stating *inter alia*: ". . . the hallmark of property cannot be removed except for cause

8    and appellant's rights shares this characteristic . . ." *Logan* at 428 to 433.  Like in *Logan, supra,* the

9    state may not "terminate a complainant's cause of action because a state official, for reason beyond the

10   complainant's control, failed to comply with a statutory mandated procedure." *Logan* @ pp. 424-25;

11   *cf. Zablocki v. Redhall, supra,* 434, U.S. 374, 380-388 [Re: the Court's failure to follow state law when

12   public policy and family law code §§§ 2030, et seq., 1000(b)(2), and 2120 through 2129, "establishing

13   a state process the trial court failed to follow destroying Plaintiff's entitlements in violation of the

14   Fourteenth Amendments substantive due process guarantee" thereby placing this Defendant as well as

15   all others similarly situated, in a classification that interferes with the exercise of fundamental statutory

16   rights guaranteed to every family law litigant. (*See Boddie v. Connecticut,* 401, U.S. 371, 375-380 [91

17   S.Ct. 78-] (1969) citing *Mullane v. Central Hanover Tr. Co.* 339 U.S. 306, @ 313).

18

19        27.   This Notice of Removal is timely filed because Defendant's federal question has not been

20   ruled on by the state court because the state court <u>has refused to comply with state law and make the</u>

21   <u>required findings within the timeframe specified in the statute.</u>  The state court has failed to perform its

22   mandatory statutory duties within the 15 day prescribed timeframe in violation of the state's Evidence

23   Code Section 666 and 667 when it chose to ignore defendant's civil rights based on her repeated

24   requests to be represented by counsel and have her claims adjudicated in accordance with state law and

25   pursuant to: 1. Statutory and public policy; 2. Judicial Council mandate; and 3.  Legislative intent that

26   every family law litigant have access to legal representation pursuant to family law code section 2030

17

Notice of Removal

*et seq.* and have their tort claims litigated during the family process pursuant to family law code sec.

2120 through 2129 and is instead is subjecting Defendant to different punishments,  pains and

penalties by reason of her color and race.

    28.   A copy of this Notice of Removal will be filed promptly with the Clerk of the

Orange County Superior Court from which this action is removed and Plaintiff's counsel shall be

promptly be given Notice that the Notice of Removal has been filed and and shall be provided a copy of

the Notice of Removal.

    WHEREAS, Defendant hereby removes the above captioned action from the Orange County

Superior Court, and request that further proceedings be conducted in this Court as provided by law.

Dated: October 23, 2020                By: _____

                                         Alicia Marie Richards
                                         351 Catalina Drive
                                         Newport Beach, CA 92663
                                         Tele:(949)813-6138
                                         Defendant in Pro Se

18

Notice of Removal

CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2020, I sent the foregoing document by First Class Mail to

the following.  A confirmed copy of this filed amended notice of removal will be forward to the parties

once Defendant receives same back from the Court.

TO:   Clerk, Superior Court of California
      County of Orange
      Lamoreaux Justice Center
      341 The City Drive
      Orange, CA 92868

      Kevin E. Robinson, Esq. on behalf of Ryal W. Richards
      970 W. 17th Street, D
      Santa Ana, CA 92706

# EXHIBIT A

FL-300

| PARTY WITHOUT ATTORNEY OR ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: KEVIN E. ROBINSON 88726
FIRM NAME: LAW OFFICES OF KEVIN E. ROBINSON
STREET ADDRESS: 970 W. 17TH STREET, SUITE D
CITY: SANTA ANA          STATE: CA  ZIP CODE: 92706
TELEPHONE NO.: 714-245-0210     FAX NO.: 714-973-0244
E-MAIL ADDRESS:
ATTORNEY FOR (name): RYAL W. RICHARDS

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
Lamoreaux Justice Center
1/07/2020 8:08 PM
David H. Yamasaki, Clerk of the Court
By: Andrea Van, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 THE CITY ORANGE
MAILING ADDRESS:
CITY AND ZIP CODE: ORANGE, CA 92868
BRANCH NAME: LAMOREAUX JUSTICE CENTER

PETITIONER: RYAL W. RICHARDS
RESPONDENT: ALICIA MARIE RICHARDS
OTHER PARENT/PARTY:

| | CASE NUMBER: |
|---|---|
| REQUEST FOR ORDER [ ] CHANGE [ ] TEMPORARY EMERGENCY ORDERS | 15D009634 |

[ ] Child Custody    [ ] Visitation (Parenting Time)    [ ] Spousal or Partner Support
[ ] Child Support    [ ] Domestic Violence Order    [ ] Attorney's Fees and Costs
[ ] Property Control  [X] Other (specify): Determine Respondent a Vexatious Litigant under CCP 391.1

## NOTICE OF HEARING

1. TO (name(s)): Alicia Marie Richards
   [ ] Petitioner  [X] Respondent  [ ] Other Parent/Party  [ ] Other (specify):

2. A COURT HEARING WILL BE HELD AS FOLLOWS:

   a. Date: 02/21/20  Time: 8:30AM  [X] Dept.: W10  Room:
   b. Address of court  [ ] same as noted above  [X] other (specify): West Justice Center
      8141 13th Street Westminister, CA 92683-4593

3. WARNING to the person served with the Request for Order: The court may make the requested orders without you if you do not file a Responsive Declaration to Request for Order (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. (See form FL-320-INFO for more information.)

   (Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)

## COURT ORDER
(FOR COURT USE ONLY)

It is ordered that:

4. [ ] Time [ ] for service [ ] until the hearing  is shortened. Service must be on or before (date):

5. [ ] A Responsive Declaration to Request for Order (form FL-320) must be served on or before (date):

6. [ ] The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location):

7. [ ] The orders in Temporary Emergency (Ex Parte) Orders (form FL-305) apply to this proceeding and must be personally served with all documents filed with this Request for Order.

8. [ ] Other (specify):

Date: _____     _____
                                   JUDICIAL OFFICER

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 (Rev. July 1, 2016)

CEB | Essential
ceb.com | proForms

**REQUEST FOR ORDER**

Page 1 of 4

Family Code, §§ 2045, 2107, 6224, 6320, 6326, 6380, 6380-6383; Government Code, § 26826 Cal. Rules of Court, rule 5.92 www.courts.ca.gov

Richards, Ryal W.

FL-300

| PETITIONER: RYAL W. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT: ALICIA MARIE RICHARDS | 15D009634 |
| OTHER PARENT/PARTY: | |

## REQUEST FOR ORDER

**Note:** Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use *Attached Declaration* (form MC-031) for this purpose.)

1. ☐ **RESTRAINING ORDER INFORMATION**
   One or more domestic violence restraining/protective orders are now in effect between *(specify):*
   ☐ Petitioner  ☐ Respondent  ☐ Other Parent/Party   *(Attach a copy of the orders if you have one.)*
   The orders are from the following court or courts *(specify county and state):*
   a. ☐ Criminal: County/state *(specify):*        Case No. *(if known):*
   b. ☐ Family: County/state *(specify):*        Case No. *(if known):*
   c. ☐ Juvenile: County/state *(specify):*        Case No. *(if known):*
   d. ☐ Other: County/state *(specify):*        Case No. *(if known):*

2. ☐ **CHILD CUSTODY**        ☐ I request temporary emergency orders
   ☐ **VISITATION (PARENTING TIME)**
   a. I request that the court make orders about the following children *(specify):*

   | Child's Name | Date of Birth | ☐ Legal Custody to *(person who decides health, education, etc.)* | ☐ Physical Custody to *(person with whom child lives)* |
   |---|---|---|---|

   b. ☐ The orders I request for ☐ child custody ☐ visitation (parenting time) are:        ☐ Attachment 2a.
      (1) ☐ Specified in the attached forms:
          ☐ Form FL-305  ☐ Form FL-311  ☐ Form FL-312  ☐ Form FL-341(C)
          ☐ Form FL-341(D)  ☐ Form FL-341(E)  ☐ Other *(specify):*
      (2) ☐ As follows *(specify):*        ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because *(specify):*        ☐ Attachment 2c.

   d. ☐ This is a change from the current order for ☐ child custody ☐ visitation (parenting time).
      (1) ☐ The order for legal or physical custody was filed on *(date):*        . The court ordered *(specify):*
      (2) ☐ The visitation (parenting time) order was filed on *(date):*        . The court ordered *(specify):*
                                                                        ☐ Attachment 2d.

| FL-300 [Rev. July 1, 2016] | CEB Essential Forms | REQUEST FOR ORDER | Page 2 of 4 |
|---|---|---|---|

Richards, Ryal W.

FL-300

| PETITIONER: RYAL W. RICHARDS | CASE NUMBER: |
|---|---|
| RESPONDENT: ALICIA MARIE RICHARDS | 15D009634 |
| OTHER PARENT/PARTY: | |

3. ☐ CHILD SUPPORT
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195).)

   a. I request that the court order child support as follows:

   | Child's name and age | ☐ I request support for each child based on the child support guideline. | ☐ Monthly amount ($) requested (if not by guideline) |
   |---|---|---|

   b. ☐ I want to change a current court order for child support filed on (date): _____    ☐ Attachment 3a.
   The court ordered child support as follows (specify):

   c. I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

   d. The court should make or change the support orders because (specify):    ☐ Attachment 3d.

4. ☐ SPOUSAL OR DOMESTIC PARTNER SUPPORT
(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)

   a. ☐ Amount requested (monthly): $
   b. ☐ I want the court to ☐ change ☐ end    the current support order filed on (date):
      The court ordered $ _____ per month for support.
   c. ☐ This request is to modify (change) spousal or partner support after entry of a judgment.
      I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.
   d. I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.
   e. The court should make, change, or end the support orders because (specify):    ☐ Attachment 4e.

5. ☐ PROPERTY CONTROL
   a. The ☐ petitioner ☐ respondent ☐ other parent/party    ☐ I request temporary emergency orders
      be given exclusive temporary use, possession, and
      control of the following property that we ☐ own or are buying ☐ lease or rent (specify):

   b. The ☐ petitioner ☐ respondent ☐ other parent/party    be ordered to make the following payments on debts
      and liens coming due while the order is in effect:

   | Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |
   | Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |
   | Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |
   | Pay to: _____ | For: _____ | Amount: $ _____ | Due date: _____ |

   c. ☐ This is a change from the current order for property control filed on (date):
   d. Specify in Attachment 5d the reasons why the court should make or change the property control orders.

FL-300 [Rev. July 1, 2016]                    REQUEST FOR ORDER                    Page 3 of 4

☐ Essential
☐ Forms                    Richards, Ryal W.

FL-300

| PETITIONER: RYAL W. RICHARDS | CASE NUMBER: |
| RESPONDENT: ALICIA MARIE RICHARDS | 15D009634 |
| OTHER PARENT/PARTY: | |

6. ☐ **ATTORNEY'S FEES AND COSTS**
I request attorney's fees and costs, which total (specify amount): $_____ . I filed the following to support my request
   a. A current Income and Expense Declaration (form FL-150).
   b. A Request for Attorney's Fees and Costs Attachment (form FL-319) or a declaration that addresses the factors covered in that form.
   c. A Supporting Declaration for Attorney's Fees and Costs Attachment (form FL-158) or a declaration that addresses the factors covered in that form.

7. ☐ **DOMESTIC VIOLENCE ORDER**

   > • Do not use this form to ask for domestic violence restraining orders! Read form DV-505-INFO, How Do I Ask for a Temporary Restraining Order, for forms and information you need to ask for domestic violence restraining orders.
   > • Read form DV-400-INFO, How to Change or End a Domestic Violence Restraining Order for more information.

   a. The Restraining Order After Hearing (form DV-130) was filed on (date):
   b. I request that the court ☐ change ☐ end the personal conduct, stay-away, move-out orders, or other protective orders made in Restraining Order After Hearing (form DV-130). (If you want to change the orders, complete 7c.)
   c. ☐ I request that the court make the following changes to the restraining orders (specify): ☐ Attachment 7c.

   d. I want the court to change or end the orders because (specify): ☐ Attachment 7d.

8. ☒ **OTHER ORDERS REQUESTED** (specify): ☐ Attachment 8.
   I request that the Court find that Respondent Alicia Richards is a vexatious litigant under CCP 391 and that a pre-filing order be entered prohibiting Respondent from filing any new litigation in this court without approval under CCP 391.7.

9. ☐ **TIME FOR SERVICE / TIME UNTIL HEARING**    I urgently need:
   a. ☐ To serve the Request for Order no less than (number): _____ court days before the hearing.
   b. ☐ The hearing date and service of the Request for Order to be sooner.
   c. ☐ I need the order because (specify): ☐ Attachment 9c.

10. ☒ **FACTS TO SUPPORT** the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission. ☒ Attachment 10.

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: 1/9/2020

Ryal Richards
(TYPE OR PRINT NAME)                                     ▶         _Ryal Richards_ (signature)
                                                                   (SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to www.courts.ca.gov/forms for Request for Accommodations by Persons With Disabilities and Response (form MC-410). (Civ. Code, § 54.8.)

FL-300 [Rev. July 1, 2016]    CEB Essential jbForms    **REQUEST FOR ORDER**    Page 4 of 4

Richards, Ryal W.

KEVIN E. ROBINSON      SBN 88726
LAW OFFICES OF KEVIN E. ROBINSON
970 West 17th Street, Suite D
Santa Ana, California 92706                              **ATTACHMENT**
                                                         **1/9/2020 8:03 PM**
Tel: 714-245-0210
Fax: 714-973-0244

Attorney for Ryal W. Richards

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, LAMOREAUX JUSTICE CENTER

IN RE THE MARRIAGE OF:            )      Case No. 15D 009634
                                  )
RYAL W. RICHARDS                  )      MEMORANDUM OF POINTS AND
                                  )      AUTHORITIES IN SUPPORT OF MOTION
        Petitioner                )      TO DETERMINE RESPONDENT ALICIA
                                  )      MARIE RICHARDS nee REMSEN A
and                               )      VEXATIOUS LITIGANT
                                  )
ALICIA MARIE RICHARDS             )
                                  )
        Respondent.               )

        The Petitioner RYAL W. RICHARDS, by and through his attorney KEVIN E. ROBINSON,

hereby submits the following Points and Authorities in support of the Motion to Determine

Respondent Alicia Marie Richards nee Remsen a Vexatious Litigant Under Code of Civil Procedure

§391 et. seq.

        As set forth in the Declaration of Kevin E. Robinson, the Respondent Alicia Richards has

filed multiple documents with this court, including requests for orders, motions, appeals, objections,

motions to strike, requests for statement of decisions, and motions for stay all in an attempt to thwart

this Court's lawful orders for purposes of delay and harrasment.

        CCP §391(b) defines a Vexatious Litigant as a person who in the "preceding seven-year

period has commenced, prosecuted, or maintained in propria persona at least five litigations. . . . that

have been (i) finally determined adversely to the person..."

1

MEMORANDUM OF POINTS AND AUTHORITIES

CCP §391(b)(2) further states that a Vexatious Litigant is a person that "[A]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity of the determination. . ."

Finally under CCP §391(b)(3), Vexatious Litigant is someone who "while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers..."

The Court file and docket attached to the Declaration of Kevin E. Robinson and the transcripts of the numerous hearings, the numerous appeals and writs filed in this matter all show that Alicia Richards nee Ramsen is a vexatious litigant pursuant to the Code of Civil Procedure §391. She has filed unmeritorious motions, pleadings, or other papers; she has attempted to repeatedly relitigate or attempt to relitigate the same issues or similar issues and she has filed multiple litigations in this matter, litigation against her former attorney, a civil case against her husband, and a civil case and appeal against the Cain Family Trust.

This Court has already sanctioned Ms. Richards under CCP §128.5 and §128.7 in an attempt to have her stop and think about her filings, all to no avail. The April 19, April 26 and May 3, 2019 dates stand out as containing five motions filed by Ms. Richards, all in an attempt to stop the sale of the family residence, which is the underlying determination against her. This is the epitome of frivolous, multiple filings and the Court is requested that she be found a vexatious litigant.

Under CCP §391.1 Petitioner requests that if the Court finds Ms. Richards a vexatious litigant the Petitioner requests that the Court order Ms. Richards to provide security for any further actions or filings.

Under CCP §391.7, Petitioner requests that this Court find and order Ms. Richards to have a prefiling order prohibiting the filing of any new documents in the Orange County Superior Court without permission or consent of the presiding Judge.

## CONCLUSION

Based on all of the above, the Court's own experience with the on-going litigation; the docket showing all of the filings; the multiple appeals filed in this matter, including writs to both the Appellate Court and the Supreme Court of California; and Ms. Richards' continual practice of filing motions to vacate, motions to set aside and appeal after appeal of every order this Court enters

2

MEMORANDUM OF POINTS AND AUTHORITIES

1   Petitioner requests that the Court enter an order that Ms. Richards is a vexatious litigant under cc 

2   §391.1.

3

4

5   Dated:  January 9, 2020



6                                                    KEVIN E. ROBINSON
                                                     Attorney for Petitioner RYAL W. RICHARDS
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                           3
                        MEMORANDUM OF POINTS AND AUTHORITIES

1    KEVIN E. ROBINSON      SBN 88726
    LAW OFFICES OF KEVIN E. ROBINSON
2    970 West 17th Street, Suite D
    Santa Ana, California 92706
3
    Tel: 714-245-0210                                    **ATTACHMENT**
4    Fax: 714-973-0244                                  **1/9/2020 8:03 PM**

5    Attorney for Ryal W. Richards

6

7

8             SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF ORANGE, LAMOREAUX JUSTICE CENTER

10

11    IN RE THE MARRIAGE OF:       )  Case No. 15D 009634

12    RYAL W. RICHARDS        )  DECLARATION OF KEVIN E. ROBINSON
                      )  RE MOTION TO DETERMINE RESPONDENT
            Petitioner    )  ALICIA MARIE RICHARDS nee REMSEN
13                      )  A VEXATIOUS LITIGANT

14    and                    )

15    ALICIA MARIE RICHARDS    )

16           Respondent.    )

17

18        I, KEVIN E. ROBINSON, do hereby declare:

19           1.    If called as a witness I could and would competently testify to the following facts of my own

20    personal knowledge except where stated as relying on information and belief. I offer this declaration in lieu

21    of direct testimony pursuant to CCP Sections 98, 2009 and 2015.5; *Reifler v. Superior Court* (1974)

22    39 C.A. 3d 479, and *Marriage of Stevenot* (1984) 154 C.A. 3d 1051.

23           2.    I make this declaration in support of the Petitioner's Request to find the Respondent a

24    Vexatious Litigant under Code of Civil Procedure Section 391 through 391.7. This Declaration will not

25    attempt to list each and every hearing, motion, RFO, objection and document filed by Ms. Richards since

26    June of 2017 when the second of two stipulations for Judgment was entered. This Court, the Honorable

27    Andre De La Cruz has presided over this matter for most of the last two plus years and is well aware of

28    the many filings by the Respondent Alicia Richards. Attached hereto, labeled Exhibit "A" and

                                1

              DECLARATION OF KEVIN E. ROBINSON
                  RE VEXATIOUS LITIGANT

1    incorporated hereat is a true and correct copy of the Court docket for Richards v. Richards, OCSC Case

2    No. 15D009634.

3        3.    As said many times before, the parties on March 2, 2017 and June 16, 2017, with the help

4    of three attorneys, Diane Vargas, attorney for the minors; Eugene Zech, attorney for the Respondent; and

5    Kevin E. Robinson, attorney for the Petitioner, and the parties entered into a global settlement of all issues

6    pertaining to this dissolution of marriage, including custody, visitation, child support, spousal support and

7    the division of separate and community property assets.

8        4.    Each Judgment gave Ms. Richards an opportunity to buy out Petitioner Ryal Richards'

9    approximately $500,000 worth of equity in the home in Newport Beach. Ms. Richards qualified for a

10   refinance and the escrow had opened when she did an about face and refused the loan. The house then

11   went on the market in about August of 2017 when Ms. Richards thought she was receiving a rather large

12   inheritance from a grandparent's trust (Cain Family Trust) which would be sufficient to buy out Mr.

13   Richards' interest in the property. Due to Ms. Richards receiving that inheritance, Mr. Richards and she

14   and agreed to take the property off the listing and cancel the same.

15       5.    For reasons unclear, Ms. Richards decided that she was not going to spend her

16   inheritance on purchasing Mr. Richards' interest in the real property and instead entered into a course of

17   motions to set aside, appeals, objections, motions for stay, more appeals, more motions to set aside and

18   to stay and more objections in order to stop the sale of the house and deprive Mr. Richards of his equity

19   in his family home.

20       6.    On January 26, 2018, the trial court, Judge Linda Miller, presiding, heard Ms. Richards

21   first Motion to Set Aside the typed and handwritten stipulations for judgment. This motion was denied and

22   Ms. Richards, within five days filed her first appeal in this matter. The actual Request for Order/Motion

23   was filed in September of 2017 and seems to ask the Court to relitigate custody, child support, spousal

24   support and the division of property, along with a section that can best be interpreted as a Motion to Set

25   Aside the Stipulations for Judgment.

26   ///

27   ///

28   ///

2

DECLARATION OF KEVIN E. ROBINSON<br>RE VEXATIOUS LITIGANT

7.      To date, the Appellate Court shows that Ms. Richards has filed at least nine appeals, and more likely ten or eleven since she has most recently filed new appeals on the most recent orders of the Court, denying the Motion to Quash the School's First subpoena.  In addition, Ms. Richards has filed multiple motions and request for orders, many of them duplicative and really seeking the same relief.  For instance, in order to stop the Writ of Possession and the eviction that this Court issued in November of 2018, Ms. Richards filed a Motion to Vacate and/or Set Aside the Order Re Exclusive Possession of Family Home which was set for 4/26/19; a Motion to Vacate, Recall and/or Quash Court's Sua Sponte Order for Writ of Possession which was scheduled for hearing on April 19, 2019; a Motion to Quash an Ex Parte Writ of Possession which was set on 4/26/19 and a Request for Order re Third Party Claim of Possession and a Motion to Vacate/Set Aside which were both set on 5/3/19.  Those five motions alone were all in an attempt, which has proved ironically successful, to stop this Court's lawful order to sell the home and if Ms. Richards does not cooperate to have her evicted so Mr. Richards can take possession and sell the residence.

8.      On or about May 1, 2019 Ms. Richards filed a Chapter 13 Bankruptcy Petition, which was later dismissed for inability to provide a viable plan, among many other matters, also requiring the Petitioner to file a Motion for Relief from Stay, which was granted and a Motion to Remand a civil litigation that Ms. Richards filed.

9.      Shortly after the Motion to Set Aside was denied by Judge Miller, Ms. Richards filed a Civil lawsuit complaining that her husband had breached his fiduciary duty and committed fraud, etc., all tort sounding actions that could have been and should have been litigated in the family law court, at least as found by Judge Glen Salter. Ms. Richards has filed multiple documents, including on 5/11/2018 three Requests for Order – Other, one was 98 pages, one was 43 pages and the third was 4 pages.  On 5/18/2018 she filed a Request for Order – Other that was 15 pages. The Court in June of 2018 set an Order to Show Cause Re Sanctions against Ms. Richards for her frivolous filings and entered a sanction order which after due diligence and due process hearing this Court found Ms. Richards was a borderline vexatious litigant and issued a potential sanction against her for inundating this court and, of course, the Petitioner with her multiple filings.  This Order has barely slowed down Ms. Richards because the first thing she did was file a Notice of Appeal of this Order and later claimed it and everything else is stayed because

3

DECLARATION OF KEVIN E. ROBINSON
RE VEXATIOUS LITIGANT

1  she files appeal after appeal after appeal.  Regardless of this Court's Order determining that Ms. Richards

2  was a borderline vexatious litigant, she has filed objections to an Income and Expense Declaration

3  objection to a Reply Declaration, a Request for Statement of Decision on October 11, 2018, an RFO to

4  Stay Enforcement of a Post-Judgment Order on October 11, 2018; another appeal on 10/12/2018; an

5  Objection on 10/23/2018, an Amended Objection on 10/25/2018 and then another  Objection on

6  10/25/2018.  She continued on the next day and filed an Objection to an Order Statement of Decision, an

7  Objection to a Minute Order and a General Objection on 10/26/2018 and 11/01/2018.  She also filed a

8  92 page Reply Declaration.  She continued filing two more  Declarations on 11/2/2018 and another

9  Request for Statement of Decision on November 9, 2018.

10        10.     Having not received her Stay of the Order to sign a Listing Agreement, Ms. Richards

11  brought a Motion for Reconsideration on November 16, 2018.  She filed Objections and Amended

12  Objections to the Minute Order on 11/15/2018 and more objections on 11/19/2018.  She also filed an

13  alleged Notice of Stay of Proceedings on 11/26/2018 although she never received an actual Order from

14  this Court that stayed anything without the filing of a bond.  On 11/28/2018 she filed a Motion to Disqualify

15  Judge De La Cruz, when it was denied, she immediately appealed it.  When the Appellate Court denied

16  her Writ, she asked for both a Petition for Hearing En Banc and a Petition to the Supreme Court of

17  California, all of which was denied.

18        11.     On 2/21/2019, Ms. Richards started the Motions set above when the Writ of Possession

19  was commencing.  She brought a Motion to Vacate or Set Aside on 2/21/2019.  On 3/11/2019 she filed

20  another Motion to Vacate/Set Aside.  On 3/13/2019 she filed another Motion-Other-Right to Possession

21  as set forth above.  On 3/13/2019 she filed an RFO-other.  On 3/19/2019 she filed another Motion to

22  Vacate/SetAside.  On 4/8/2019 she filed an Objection to Declaration of 116 pages.  On 4/9/2019 she

23  filed another Objection; on 4/8/2019 a Request for Judicial Notice.  On 5/1/2019, having filed her

24  bankruptcy, Ms. Richards slowed down a bit, although on 4/26/2019 she had filed a Request for Judicial

25  Notice and more appeals on 5/29/2019 and 5/30/2019.

26        12.     Most recently Ms. Richards has sought to delay any sort of a hearing on a Request to

27  Modify Custody, Child Support and Spousal Support.  As explanation and background, In the summer

28  of 2018 a hearing was set with Commissioner Paula Coleman on a DCSS child support case.  At the

4

DECLARATION OF KEVIN E. ROBINSON
RE VEXATIOUS LITIGANT

1  request of the Respondent it was set for long cause, discovery orders were entered and complied with by

2  Petitioner, Ryal Richards, but never complied with by Respondent Alicia Marie Richards. Based on the

3  current Income of Ryal Richards, DCSS provided a proposed DissoMaster/Tax Spouse Child Support

4  Order substantially lowering the child support ordered in this matter. Ms. Richards refused to agree to the

5  same. DCSS was unable to enter it and shortly thereafter, rather than face an actual hearing in front of

6  Commissioner Coleman, Ms. Richards closed the DCSS case and avoided that trial and that downward

7  modification of support. Now pending for a substantial time has been Mr. Richards Request to Modify his

8  child support and spousal support. This matter has been delayed. Ms. Richards has filed motion after

9  motion and it is finally set for February of 2020. Even most recently served on this office on December

10 17, 2019 Ms. Richards has filed a RFO-Other for multiple requests, some of which is to stay any

11 proceedings and, of course, lowering of the child or spousal support.

12     13.   The Respondent has inundated this Court and my office with motions, objections, requests

13 for orders on similar and the same subject, all with the on-going aim to stop this court's lawful order that

14 the residence at 351 Catalina be sold and to prevent the lawful processes of the court. Almost all of these

15 motions have done nothing to delay the matter and have been unsuccessful and shows that Ms. Richards

16 has "after litigation has been finally determined against the person, repeatedly relitigates or attempts to

17 relitigate in propria persona, the validity of the determination against the person, the cause of action, claim,

18 controversy or any of the other issues of fact or law determined by this court." [Paraphrased from CCP

19 §391] On April 26, 2019 this Court said it best.

20         "...at every single point, corner, and turn throughout this litigation,

21         she has done anything and everything to stymie this court's jurisdiction and

22         its orders.

23         "With that said, this proceeding today is done."

24 Reporter's Transcript of April 26, 2019. Attached hereto and incorporated hereat as though fully set forth

25 as Exhibit "B" is a true and correct copy of the April 26, 2019 transcript.

26     14.   Based on all of the above and the clear record of the multiple filings by Ms. Richards on

27 the same and similar subjects, all aimed at denying this Court's judgment and the lawful orders of the court.

28 Petitioner requests that the Court enter an Order that Respondent Alicia Marie Richards is a vexatious

5

DECLARATION OF KEVIN E. ROBINSON
RE VEXATIOUS LITIGANT

litigant and that she may not file any more documents in the family law matter without a prefiling approval
of the presiding judge; and a security deposit.

I, KEVIN E. ROBINSON, do hereby declare that the foregoing is true and correct. Executed
this 9th day of January 2020 at Santa Ana, California.

KEVIN E. ROBINSON
Attorney for Petitioner RYAL W. RICHARDS

6

DECLARATION OF KEVIN E. ROBINSON
RE VEXATIOUS LITIGANT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am over the age of 18 and not a party to the within action. My name and business address is 2569 Orange Avenue, Costa Mesa, CA 92659.

On October 23, 2020, I served the foregoing document described as NOTICE OF REMOVAL OF STATE COURT CASE TO FEDERAL COURT on all interested parties in this action by placing true copies thereof in sealed envelopes addressed as follows:

Kevin E. Robinson
970 W. 17th Street, D
Santa Ana, CA 92706
Attorney for Ryal W. Richards

(X)    BY MAIL: As follows: I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Orange, California, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if postal cancellation date is more than one day after date of deposit for mailing in declaration.

(  )    BY Electronic Service: I caused such document to be delivered by electronic service through Legal One pursuant to California Rules of Court.

Executed on October 23, 2020, at Newport Beach, California.

(XX)  (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(  )    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Laura Archer_
Laura Archer

EXHIBIT D



ORANGE COUNTY
**SHERIFF'S DEPARTMENT**                           SHERIFF-CORONER DON BARNES

# EVICTION INSTRUCTIONS

---

List ALL named parties on the Writ.

Judgment Creditor(s): **Ryal W. Richards**

Judgment Debtor(s): **Alicia Marie Richards (aka Aalicia Marie Remsen**

The Writ accompanying the instructions is:

☐ An Original Writ, or a Copy of the Original Writ issued by the court as an Electronic Writ, NOT already in possession of the levying officer

☐ A Copy of the Original Writ already in possession of the levying officer

☐ An Original Writ (Non Electronic)

Sheriff File Number: **2021100072**

Court Case Number: **15D009634**

Issue Date of Writ: **12-28-20**

Prejudgment Claim of Right to Possession was served with the complaint.    ☐ Yes  ☐ No

Property is a dwelling.   ☑ Yes  ☐ No

☑ Property is Real Property (ex. House or Apartment)

☐ Property is Personal Property (ex. Mobile Home or Boat)

** If the property address is not clearly displayed on the building or curb, the eviction will not take place, and additional fees will be charged.

---

**FAILURE TO COMPLETE ANY PART OF THE FORM BELOW MAY RESULT IN DELAY OF THE EVICTION TO ALLOW THE SHERIFF TO EVALUATE SAFETY ISSUES FOR ALL PARTIES.**

TO THE ORANGE COUNTY SHERRIF: Serve Writ of Possession (CCP 715.010-715.050) and 5-day notice to vacate. Enforce Writ by removing the defendant(s) from premises. Plaintiff to cover all Sheriff's fees, costs and expenses in advance.

Please contact the following person to schedule the eviction. (The contact person must be on site during the eviction.)

Name **Ryal W. Richards**                     Phone Number(s) **714-7561736**

Location/Description of the property as named on the Writ of Possession:

Address **351 Catalina Drive**                        *** Building or Gate Code ***

City **Newport Beach**       State **CA**   Zip Code **92663**

---

The Sheriff's Department DOES NOT guarantee service.

The Sheriff's Department is entitled to its fees whether the service is completed or not. (California Government Code 26738)

X _Signature_                                   Date **1-15-21**

Name of Attorney (Or Party Without Attorney) Requesting Service **Kevin E. Robinson, Attorney at Law**

Address **970 W. 17th Street, Suite D**        Email Address **robinsonlawoffice@yahoo.com**

City **Santa Ana**        State **CA**   Zip Code **92706**   Phone Number **714-245-0210**

OCSD (Rev. 6/2019)                                                                Page 1 of 2

SEE PAGE 2 OF THIS FORM FOR ADDITIONAL REQUIRED INFORMATION.



## ORANGE COUNTY
## SHERIFF'S DEPARTMENT

SHERIFF-CORONER DON BARNES

# EVICTION INSTRUCTIONS

### EVICTION SAFETY ISSUES

1. Do you know of any illegal activities that may be taking place at this address? Please explain  no

2. Do you know of any police contacts at this address? Please explain  no

3. Please provide additional information on any issues that may pose a threat to a safe eviction process. (ex. firearms or other weapons, surveillance cameras, previous suicide attempts, vicious animals, alarms, and any other hazards)  none

### DEFENDANT'S INFORMATION

Full Name  Alicia Marie Richards (nee Remsen)

Date of Birth  1-17-66

Gender  Female

Race  Caucasian

CDL  C2436813

SS#  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

Full Name _____

Date of Birth _____

Gender _____

Race _____

CDL _____

SS# _____

Please check the appropriate boxes and explain below:

☐ Elderly          ☐ Foreclosure          ☐ HUD Housing          ☐ Animals

☐ Disabled         ☐ Medical Problems     ☐ Mental Illness       ☐ Assaultive

☑ Language Spoken  English                ☐ Children (ages) _____

**KEVIN E. ROBINSON**
ATTORNEY AT LAW
WELLINGTON SQUARE
970 W. 17TH STREET, SUITE D
SANTA ANA, CALIFORNIA 92706

TELEPHONE NUMBER: (714) 245-0210
FAX NUMBER: (714) 973-0244

## FACSIMILE TRANSMISSION FORM

DATE:     1-15-21

TO:    Crystal OC Sheriff's Office Civil Process Harbor Division

       **YOUR FAX NO: 949-476-4980**

FROM:    KEVIN E. ROBINSON

RE:     Richards, Ryal & Alicia 15D009634/OC Sheriff's File #2021100072

TOTAL NUMBER OF PAGES, **INCLUDING THIS PAGE:**

attached, letter cancelling the current eviction and new instructions for eviction after January 31, 2021. Thanks

ORIGINAL         ____          WILL
                  X            WILL NOT FOLLOW

This page and other documents included in this telecopy transmission contain information which is confidential and/or legally privileged. If you are not the intended recipient, any disclosure, copying, distribution or the taking of any action in reliance on the contents of this telecopied information is strictly prohibited. If you receive this telecopy in error, please notify us at (714) 245-0210 immediately.

**IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE TELEPHONE OR FAX IMMEDIATELY**
**TELEPHONE: (714) 245-0210**
**FACSIMILE: (714) 973-0244**

EXHIBIT E

 Gmail

Alicia Richards <alicia4richards@gmail.com>

---

## EVICTION STAYED LEVYING OFFICER FILE NO. 2021100072
4 messages

---

**Alicia Richards** <alicia4richards@gmail.com>                                      Thu, Jan 14, 2021 at 5:4! PM
To: CivilStatHarbor@ocsd.org

Please take notice that the eviction has been stayed pursuant to Governor Newsom's Stay at Home Orders.  I have served the attached declaration on Ryal Richards and Alicia Richards owners of the property.

Also, please take notice that Jonathan's third party claim was never heard. Please let me know if he needs to file a new claim because the other claim was never heard.  The order that was presented to you by Kevin E. Robinson is void and was made without subject matter jurisdiction because the case was removed to the federal court.  Mr. Robinson was fully aware that Judge Andre De La Cruz lacked jurisdiction to make any orders and proceeded without jurisdiction and proceeded without any of the other parties.

We will be filing an injunction against  the wrongful eviction order that is void on its face before January 31, 2021 and seeking sanctions for enforcement of a void order.

If you wish to discuss this matter, please contact me immediately.

Thank you.

Alicia Richards
949-813-6138

---

 **eviction declarationAR.pdf**
95K

---

**CivilStat-Harbor** <CivilStatHarbor@ocsd.org>                                      Fri, Jan 15, 2021 at 7:2!! A M
To: Alicia Richards <alicia4richards@gmail.com>

Hello,

This email has been received please be aware we cannot stay an eviction without a certified court minute order, or instructions from the Plaintiff's Attorney to cancel it. We will notate this to the case, but it will not stay the eviction.

Thank you,

Crystal #10444

**Orange County Sheriff – Civil**



[Quoted text hidden]

Attention: This email originated from an **external source**. Use caution when opening attachments or clicking on links. Forward suspicious messages to Helpdesk@ocsd.org.

---

**Alicia Richards** <alicia4richards@gmail.com>                                                Fri, Jan 15, 2021 at 8:1   AM
To: CivilStat-Harbor <CivilStatHarbor@ocsd.org>

Crystal

Thank you for your email.  Since the eviction order does not allow me court access because it is at 6:00 a.m.,  How do you suppose I am to get a court order on the void eviction order?  I am the owner of the property.  I am on the deed.  Further, if you proceed to evict me with a void order, I will have be forced to file a taxpayer lawsuit against you for damages for enforcing a void order.   If I understand your email, you will be enforcing the void eviction on Tuesday morning at 6:00 a.m. even though the Governor's stay home order staying evictions until January 31, 2021 which would give me time to file a request for a stay.

Alicia Richards
[Quoted text hidden]

---

**CivilStat-Harbor** <CivilStatHarbor@ocsd.org>                                                Fri, Jan 15, 2021 at 1:17  PM
To: Alicia Richards <alicia4richards@gmail.com>

Hello,

Please be advised we have received instructions from the Plaintiff's Attorney to cancel the eviction. We will cancel the eviction and can only proceed if the Plaintiff's Attorney submits repost instructions and fees.

Thank you,

Crystal#10444

[Quoted text hidden]